**In re Jonathan MILLER, Relator.**

**No. 12–06–00195–CV.**

Court of Appeals of Texas, Tyler.

Sept. 29, 2006.

William L. Shirer, McGilberry & Shirer LLP, Dallas, for Relator.

Paul M. Boyd, Boyd & Brown, P.C., Tyler, Levon G. Hovnatanian, Martin, Disiere, Jefferson & Wisdom, L.L.P., Houston, for Real Party In Interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J. and HOYLE, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

In this original proceeding, Relator Jonathan Miller seeks a writ of mandamus requiring the trial court to vacate its order granting State Farm Insurance Company's motion to sever and abate Miller's claims for extracontractual damages until his claims for uninsured motorist benefits

have been adjudicated.[1] For the reasons set forth below, we deny Miller's petition.

## BACKGROUND

On May 3, 2004, Miller was rear ended on Highway 175 in Henderson County by Julie Knox. Ten days later Miller notified State Farm by certified letter that Knox was uninsured and that he would be pursuing a claim under the uninsured motorist provision ("UIM") of his State Farm automobile insurance policy. Miller later filed suit against State Farm for breach of contract under the UIM provision of the policy alleging that he incurred medical expenses of $6,650.56 and that State Farm had offered only $5,000.00 to settle his claim.

After State Farm answered Miller's original petition, Miller filed his First Amended Petition, alleging a bad faith cause of action against State Farm. Specifically, Miller alleged that in failing to offer more than $5,000.00 to settle his UIM claim, State Farm engaged in certain unfair settlement practices that are prohibited by Texas Insurance Code section 541.060. However, Miller's First Amended Petition did not include his previously alleged breach of contract claim. State Farm responded by asking Miller to sign a stipulation that he was no longer seeking damages under the UIM provision of his policy. Miller refused to do so, saying that there was a four year statute of limitations on the contract claims, but only a two year statute of limitations on his insurance code claims.

State Farm filed a counterclaim seeking a declaratory judgment related to Miller's UIM claims. It also filed a motion to sever and abate Miller's extracontractual claims until his UIM claims had been adjudicated.[2] The trial court entered an order granting State Farm's motion. This original proceeding followed.

## AVAILABILITY OF MANDAMUS

A writ of mandamus will issue only if the trial court has committed a clear abuse of discretion and the relators have no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex.2005) (orig.proceeding). The trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). The party challenging the trial court's decision must establish that the facts and law permit the trial court to make but one decision. *In re University Interscholastic League,* 20 S.W.3d 690, 692 (Tex.2000).

## ABUSE OF DISCRETION

A separate trial of any claim or issue may be ordered by the trial court in furtherance of convenience or to avoid prejudice. TEX.R. CIV. P. 174(b); *see also Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex. 1990) (controlling reasons for severance are to do justice, avoid prejudice, and further convenience). Severance of claims under the Texas Rules of Civil Procedure rests within the sound discretion of the

---

1. The respondent is the Honorable Nancy Adams Perryman, Judge of the County Court at Law No. 2, Henderson County, Texas.

2. State Farm identified its motion as a "motion to abate," but its supporting arguments to the trial court and its response filed in this proceeding refer to severance and to abatement. We therefore consider State Farm's motion as a request for both severance and abatement. Similarly, we interpret the trial court's order as granting both severance and abatement.

trial court. *Liberty Nat'l Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 629 (Tex.1996).

Insurance is a contract by which one party, for consideration, assumes a particular risk on behalf of another party and promises to pay him a certain or ascertainable sum of money on the occurrence of a specified contingency. *Employers Reinsurance v. Threlkeld & Co.,* 152 S.W.3d 595, 597 (Tex.App.-Tyler 2003, pet. denied). A claim for UIM benefits is contractual in nature. *In re Trinity Universal Ins. Co.,* 64 S.W.3d 463, 467 (Tex.App.-Amarillo 2001, orig. proceeding). In order to establish a UIM claim, the claimant must prove not only that the UIM driver negligently caused the accident that resulted in the covered damages, but also that all applicable policy provisions were satisfied. *Id.* A breach of insurance contract claim, including UIM benefits, is separate and distinct from a bad faith claim. *See id.*

The Texas Supreme Court has recognized that a severance may be necessary in some bad faith cases in the insurance context. *Liberty Nat'l Fire Ins.,* 927 S.W.2d at 630. A trial court will undoubtedly confront instances in which evidence admissible only on the bad faith claim would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely. *Id.* One example would be when the insurer has made a settlement offer on the disputed contract claim. *Id.*

This is the situation that the trial court faced in the instant case. Our two sister courts in Houston have previously encountered a similar situation. *See United States Fire Ins. Co. v. Millard,* 847 S.W.2d 668 (Tex.App.-Houston [1st Dist.] 1993, orig. proceeding); *State Farm Mut. Auto. Ins. Co. v. Wilborn,* 835 S.W.2d 260 (Tex. App.-Houston [14th Dist.] 1992, orig. proceeding). Both courts determined that

without a severance of the contractual claims from the extracontractual claims (i.e., bad faith claims), both parties would lose substantial rights. *United States Fire Ins.,* 847 S.W.2d at 675; *State Farm Mut. Auto. Ins.,* 835 S.W.2d at 262.

> Either a trial court refuses to admit evidence of settlement offers, thereby acknowledging [a] defendant's right under [Texas] Rule [of Civil Procedure] 408 to exclude such evidence but denying a plaintiff the right to use it to establish essential elements of a bad faith claim; or the trial court admits evidence of settlement offers, satisfying [a] plaintiff's proof requirements but abrogating [a] defendant's right to exclude such evidence.

*United States Fire Ins.,* 847 S.W.2d at 673.

Miller argues that he does not need to prevail on his contract claim before he pursues a bad faith claim. To support this argument, Miller relies on *Rocor International, Inc. v. National Union Fire Insurance Company,* 77 S.W.3d 253 (Tex.2002). However, *Rocor* states that "to establish liability thereunder for the insurer's failure to reasonably attempt settlement of a claim against the insured, the insured must show that (1) the policy covers the claim, ..." *Id.* at 255. Therefore, contrary to Miller's contention, *Rocor* supports State Farm's argument that to prevail on a bad faith claim, a plaintiff must show that there is a contract between the insurance company and the insured covering the claim. *See id.* Moreover, our supreme court has recently iterated that bad faith claims are negated by a lack of coverage under the insurance policy. *See Progressive County Mut. Ins. Co. v. Boyd,* 177 S.W.3d 919, 922 (Tex.2005).

Miller further contends that we should liberally construe the pertinent insurance code provisions to allow him to pursue his

bad faith claims before adjudicating his UIM claims. *See* TEX. INS.CODE § 541.008 (Vernon Pamph. Supp.2005) (requiring liberal construction of Chapter 541 to promote its underlying purposes). However, we note that the purpose of Chapter 541 is to regulate trade practices in the business of insurance. *See id.* § 541.001. As stated earlier, insurance by its very definition involves a contract between two parties. *See Employers Reinsurance,* 152 S.W.3d at 597. No matter how liberally we might construe an insurance code provision, a contract underlies any cause of action involving insurance. This is an inescapable fact.

Miller further states that the limitations period for bad faith claims and breach of contract claims are different, being two and four years respectively. He interprets this to mean that an insured is not required to bring a breach of contract claim prior to bringing a bad faith claim. However, Miller cites no authority or calls any legislative history to our attention to support this proposition. Therefore, we will not address it other than to say that we can think of no rational nexus between the limitations period for these two causes of action and the discretion of a trial court in *deciding* whether these two causes of action will be tried together.

In this proceeding, Miller had the burden to show that under the facts and law, the trial court had no discretion to grant State Farm's motion to sever and abate Miller's extracontractual claims until his contract claims had been adjudicated. However, case law supports the trial court's order granting State Farm's motion. Consequently, Miller has not shown that the challenged order is an abuse of the trial court's discretion.

### CONCLUSION

Miller has not shown that the trial court abused its discretion by granting State Farm's motion to sever and abate Miller's bad faith claims until his contract claims have been adjudicated. Because Miller has not shown an abuse of discretion, we need not address whether he has an adequate remedy by appeal. Miller's petition for writ of mandamus is *denied.*