



# OPINION

No. 04-10-00094-CV

## IN RE UNITED FIRE LLOYDS

Original Mandamus Proceeding[1]

Opinion by:    Rebecca Simmons, Justice

Sitting:       Karen Angelini, Justice
               Rebecca Simmons, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  July 14, 2010

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On February 8, 2010, relator United Fire Lloyds filed a petition for writ of mandamus, seeking to compel the trial court to (1) vacate the October 7, 2009 Order Granting Plaintiff's Motion for a Bifurcated Trial, (2) vacate the October 13, 2009 Order Denying Defendant United Fire Lloyd's Motion to Sever and Abate Plaintiff's Extra-Contractual Claims, and (3) grant United Fire's Motion to Sever and Abate Plaintiff's Extra-Contractual Claims.  We conditionally grant mandamus relief.

---

[1]This proceeding arises out of Cause No. 2008-CVE000521-D1, *Juan Garcia*, *Plaintiff, Texas Mutual Insurance Co., As Subrogee of Juan Garcia, Intervenor v. United Fire Lloyds*, pending in the 49th Judicial District Court, Webb County, Texas, the Honorable Jose A. Lopez presiding.

## BACKGROUND

The underlying suit arose from a motor vehicle accident involving Juan Garcia and Ramon Valverde. Garcia filed suit against United Fire for underinsured motorist ("UIM") benefits under his employer's insurance policy. The original petition only alleged a claim for UIM benefits, but subsequently filed petitions added extra-contractual (bad faith) claims. The Fourth Amended Petition[2] alleged the following bad faith claims in violation of the Texas Insurance Code: (1) failing to commence an investigation of Garcia's claim and failing to request from the claimant all items, statements, and forms in order to properly evaluate Garcia's claim in violation of section 542.055; and (2) engaging in unfair settlement practices in violation of section 541.060.[3]

United Fire contends it made a settlement offer in the amount of $100,000 during mediation. However, no settlement agreement was ever reached. Later, United Fire filed a motion to sever and abate Garcia's UIM claim from the bad faith claims. As the basis for the motion, United Fire asserted a severance was necessary because the introduction of the settlement offer, the policy limits, and the facts concerning United Fire's handling of the claim, as they relate to the bad faith claims, would prejudice United Fire in the trial of the UIM claim, and would confuse, complicate, and considerably lengthen the trial. Garcia then filed a motion for a bifurcated trial as an alternative to the severance and abatement. As authority for his motion, Garcia relied on this court's opinion in *In re Travelers Lloyds of Tex. Ins. Co.*, in which

---

[2] The live petition is the Fifth Amended Petition. However, it was filed after the trial court granted the motion to bifurcate. In considering whether the trial court abused its discretion in denying United Fire's motion to sever and abate, we limit our review to the record that was before the trial court at the time the "decision was made." *In re Bristol-Meyers Squibb Co.*, 975 S.W.2d 601, 605 (Tex. 1998).

[3] Specifically, Garcia contends United Fire engaged in unfair settlement practices by: (1) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Garcia's claim after liability had become reasonably clear, (2) refusing, failing or unreasonably delaying a settlement offer on the basis that other coverage may be available, and (3) delaying or refusing settlement of a claim solely because there is other insurance of a different kind available to satisfy part of the loss.

we concluded the trial court did not abuse its discretion in bifurcating over severing the contractual claims from the bad faith claims. *See* 273 S.W.3d 368, 373-75 (Tex. App.—San Antonio 2008, orig. proceeding). Garcia contended a severance would be judicially wasteful, would unduly prejudice him, and the disposition of the trial on the UIM claim would not eliminate the trial on the bad faith claims. In response to the motion for a bifurcated trial, United Fire asserted that a UIM claim is different from other types of contractual insurance claims because there is no contractual duty to pay benefits until the insured obtains a judgment establishing liability and the underinsured status of the other motorist. Therefore, United Fire claimed no bad faith claims had yet accrued, and the trial on the UIM claim would control the outcome of the bad faith claims. After a hearing, the trial court granted Garcia's motion for a bifurcated trial and denied United Fire Lloyd's motion to sever and abate. This petition for writ of mandamus ensued.

## ANALYSIS

### I.  Standard of Review

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion" *Walker*, 827 S.W.2d at 840. "To satisfy the clear abuse of discretion standard, the relator must show 'that the trial court could reasonably have reached only one decision.'" *Liberty Nat'l First Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (quoting *Walker*, 827 S.W.2d at 840). However, this court will not issue a writ of mandamus if there is a

clear and adequate remedy at law. *See Walker*, 827 S.W.2d at 840. Since mandamus is intended as an extraordinary remedy, such interference is justified only when parties stand to lose their substantial rights. *Id.* at 842.

## II. Severance or Bifurcation?

Severance and bifurcation are distinct trial procedures. *Hall v. City of Austin*, 450 S.W.2d 836, 837-38 (Tex. 1970). A severance divides the lawsuit into two or more separate and independent causes. *Id.* However, the bifurcation of a trial leaves the lawsuit intact but enables the court to hear and determine one or more issues without trying all controverted issues at the same time. *Id.* Claims are properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). "The controlling reasons for a severance are to do justice, avoid prejudice, and further convenience." *Id.*

Contractual claims based on an insurance policy and bad faith claims are by their nature independent. *Akin*, 927 S.W.2d at 629. "But, in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract." *Id.* In *Akin*, the Texas Supreme Court concluded that a severance may be necessary in some bad faith cases. *Id.* at 630. For instance, when evidence is admissible only with regard to the bad faith claim and would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely. *Id.*

Following *Akin*, numerous intermediate courts of appeals have considered whether it is an abuse of discretion for a trial court to refuse to order a severance of contractual claims from

bad faith claims when a settlement offer has been made. *See, e.g., In re Miller*, 202 S.W.3d 922, 925-26 (Tex. App.—Tyler 2006, orig. proceeding [mand. denied]); *In re Allstate Tex. Lloyds*, No. 14-05-00762-CV, 2005 WL 2277134, at * 4 (Tex. App.—Houston [14th Dist.] Sept. 2, 2005, orig. proceeding) (mem. op.); *In re Allstate Indem. Co.*, 05-03-01496-CV, 2003 WL 22456345, at *1 (Tex. App.—Dallas Oct. 30, 2003, orig. proceeding) (mem. op.); *In re Trinity Universal Ins. Co.*, 64 S.W.3d 463, 468 (Tex. App.—Amarillo 2001, orig. proceeding [mand. denied]). Eventually, parties began seeking bifurcation of the contractual claims from the bad faith claims as an alternative to severance. *See In re Travelers*, 273 S.W.3d at 373-75; *In re Allstate Tex. Lloyds*, 202 S.W.3d 895, 900 (Tex. App.—Corpus Christi 2006, orig. proceeding [mand. denied]) (concluding plaintiffs failed to meet their burden that they would be prejudiced by the bifurcation of contractual claims under a homeowner's insurance policy and bad faith claims instead of severing and abating the claims). But we are only aware of a few cases in the context of a UIM claim that have considered whether severance and abatement is necessary over bifurcation. *See In re Allstate Prop. and Cas. Ins. Co.*, No. 02-07-00141-CV, 2007 WL 1574964, at *1 (Tex. App.—Fort Worth May 30, 2007, orig. proceeding) (mem. op.) (holding it was an abuse of discretion to bifurcate instead of severing and abating the UIM claim from the bad faith claims); *In re Allstate County Mut. Ins. Co.*, 209 S.W.3d 742, 746-47 (Tex. App.—Tyler 2006, orig. proceeding) (concluding it was an abuse of discretion to bifurcate instead of severing the UIM claim from the bad faith claims). However, these cases fail to discuss the necessity of severance and abatement rather than bifurcation in the context of a UIM claim.

In a UIM case, "[t]he UIM insurer is obligated to pay damages which the insured is 'legally entitled to recover' from the underinsured motorist." *Brainard v. Trinity Universal Ins.*

*Co.*, 216 SW.3d 809, 818 (Tex. 2006) (citing TEX. INS. CODE art. 5.06-1(5)). In *Brainard*, the

Texas Supreme Court expounded on the uniqueness of a UIM case as follows:

> The UIM contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party. Unlike many first-party insurance contracts, in which the policy alone dictates coverage, UIM insurance utilizes tort law to determine coverage. Consequently, the insurer's contractual obligation to pay benefits does not arise until liability and damages are determined.

*See Brainard*, 216 SW.3d at 818 (citing *Henson v. S. Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652,

654 (Tex. 2000)).[4] Therefore, "the UIM insurer is under no contractual duty to pay benefits until

the insured obtains a judgment establishing the liability and underinsured status of the other

motorist. . . . Neither requesting UIM benefits nor filing suit against the insurer triggers a

contractual duty to pay." *Id.*

Therefore, in order for Garcia to recover under his UIM claim, he must prove not only

that the purported underinsured motorist negligently caused the accident that resulted in the

covered damages, but also that all applicable policy provisions have been satisfied. *See Allstate*

*Ins. Co. v. Bonner*, 51 S.W.3d 289, 291-92 (Tex. 2001); *Wellisch v. United Servs. Auto. Ass'n*, 75

S.W.3d 53, 57 (Tex. App.—San Antonio 2002, pet. denied) (holding that because an insurer is

not obligated to pay UIM benefits until the insured becomes legally entitled to those benefits, an

insurer has the right to withhold payment of UIM benefits until the insured's legal entitlement is

established). As a result, United Fire contends the trial court abused its discretion in bifurcating

rather than severing and abating because it is disputed whether there is a covered loss. United

Fire argues it should not be required to prepare for a trial on bad faith claims when it has no

---

[4] We acknowledge *Brainard* involved a different issue than the case at hand: a determination as to when presentment of a contract claim was made in order to determine whether a party was entitled to attorney's fees in accordance with Chapter 38 of the Texas Civil Practice and Remedies Code. *Id.*

contractual duty to pay the UIM claim until Garcia obtains a judgment establishing the underinsured motorist's liability and underinsured status.

Garcia responds that it is not disputed that he has a covered loss and the bad faith claims will not be mooted by a trial on the UIM claim; therefore, this court should hold the trial court did not abuse its discretion in bifurcating the trial rather than severing and abating.[5] Garcia relies primarily on *In re Travelers* to support his argument. *See* 273 S.W.3d at 373-75. However, we do not find *In re Travelers* controlling because it was not a UIM case. *Id. In re Travelers* involved a suit filed by homeowners against their homeowners' insurance carrier for breach of contract and bad faith for mishandling their claim. *Id.* at 370. This court concluded that "[b]ecause the trial of the [plaintiffs'] extra-contractual claims is unaffected by the outcome of their contractual claim, a single bifurcated trial preceded by unified discovery and pretrial proceedings promotes judicial economy better than severance and abatement." *Id.* at 374. As a result, this court determined the trial court did not abuse its discretion in bifurcating the case because "[u]nder these circumstances, the primary justification for abatement of the extra-contractual claims—avoiding the effort and expense of conducting discovery on claims that may be rendered moot in a previous trial—is non-existent because the disposition of the contractual claim will not moot the extra-contractual claims." *Id.*

This court's determination that bifurcation is an appropriate alternative to severance is not applicable to the present case because a UIM claim that involves a dispute as to whether there is a covered loss is distinguishable from a homeowners' insurance claim where the existence of a

---

[5] We note that in Garcia's Sur-Reply he provides, "The truth of the matter is the primary claims will be decided and then, if warranted, extra-contracial[sic] claims will be determined in the bifurcated portion of the trial." However, later Garcia again contends that the extra-contractual claims will not be rendered moot by judgment in the first phase of the trial due to bifurcation.

covered loss is not disputed. Unlike the situation presented in *In re Travelers*, United Fire disputes whether Garcia has a covered loss. As a result, a determination of Garcia's UIM claim may negate his bad faith claims. *See Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) (recognizing bad faith claims are generally negated by a lack of coverage under the insurance policy); *Akin*, 927 S.W.2d at 630-31 (recognizing that judgment for the insurer on the coverage claim prohibits recovery premised only on the bad faith denial of a claim, but does not necessarily bar all claims for bad faith); *In re Miller*, 202 S.W.3d at 925 (concluding that bad faith claims are negated by a lack of coverage under the insurance policy).

As a result of the foregoing, we are constrained by the clear holding in *Brainard*, and hold that United Fire is under no contractual duty to pay UIM benefits until Garcia establishes the liability and underinsured status of the other motorist. *See Brainard*, 216 SW.3d at 818. Therefore, United Fire should not be required to put forth the effort and expense of conducting discovery, preparing for a trial, and conducting voir dire on bad faith claims that could be rendered moot by the portion of the trial relating to UIM benefits. To require such would not do justice, avoid prejudice, and further convenience. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 658. Under these circumstances, we conclude the trial court abused its discretion in bifurcating the case instead of severing and abating the UIM claim from the bad faith claims.

We further conclude United Fire does not have an adequate remedy by appeal because if mandamus is not granted it stands to lose substantial rights by being required to prepare for claims that may be rendered moot and may have not even yet accrued. *See U. S. Fire Ins. Co. v. Millard*, 847 S.W.2d. 668, 675 (Tex. App.—Houston [1st Dist. 1993, orig. proceeding); *In re Trinity Universal Ins. Co.*, 64 S.W.3d 463, 468 (Tex. App.—Amarillo 2001, orig. proceeding [mand. denied]).

Finally, we address Garcia's contention that United Fire waived any complaint as to the wording or form of the order. Typically in a mandamus situation, a party preserves its complaint by requesting an order and the trial court either grants or does not grant the request to enter an order. *See Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990). It is unclear what Garcia contends United Fire waived since United Fire's complaint is that the trial court improperly granted a bifurcated trial over severing and abating the UIM claim from the bad faith claims. United Fire does not appear to complain about the form or contents of the bifurcation order. Therefore, we do not find United Fire waived any complaints.

## CONCLUSION

We conclude the trial court abused its discretion in granting Juan Garcia's motion for a bifurcated trial and denying United Fire's motion to sever and abate. Accordingly, we conditionally grant the writ of mandamus. The trial court is ordered to (1) vacate the October 7, 2009 Order Granting Plaintiff's Motion for a Bifurcated Trial, (2) vacate the October 13, 2009 Order Denying Defendant United Fire Lloyd's Motion to Sever and Abate Plaintiff's Extra-Contractual Claims, and (3) grant United Fire's Motion to Sever and Abate Plaintiff's Extra-Contractual Claims. The writ will issue only if the trial court fails to comply within fourteen days.

Rebecca Simmons, Justice