NO. 07-11-00396-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 17, 2011

IN RE FARMERS TEXAS COUNTY
MUTUAL INSURANCE COMPANY, RELATOR

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ORIGINAL PROCEEDING**

Relator, Farmers Texas County Mutual Insurance Company, seeks the issuance of a writ of mandamus by this Court ordering the respondent, Judge Carter Schildknecht of the 106th Judicial District Court of Garza County, Texas, to abate trial on extra-contractual claims asserted by real-party-in-interest, Terry Henrie. We deny the petition.

Background

In September 2008, Henrie was involved in an auto accident when William Walker Rainey collided with Henrie's parked vehicle. Henrie sued Rainey and, later, amended his pleading to assert claims against Farmers, his personal auto carrier. Henrie's claims against Farmers alleged breach of contract for failure to pay

uninsured/underinsured motorist (UIM) benefits, and extra-contractual claims for breach of the duty of good faith and fair dealing and for violations of the Texas Insurance Code.

In July 2011, Farmers filed a plea in abatement requesting the trial court abate all extra-contractual claims until after resolution of the UIM claim. After holding a hearing on Farmers's plea in abatement on August 30, the trial court denied the plea on the record. It appears that the case was submitted to mediation on September 29. In a letter, dated September 30, Farmers informed Judge Schildknecht that it "made a settlement offer to conclude the entire contract claim" of Henrie. Trial was set to begin on October 14.

Farmers contends that Texas law establishes that, when an auto insurance carrier makes a settlement offer for a UIM claim, a trial court is without discretion and must abate extra-contractual claims until the contractual UIM claim is resolved. Because the trial court has not abated Henrie's extra-contractual claims in the present case, Farmers contends it is entitled to mandamus relief.

Law and Analysis

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

We agree with Farmers that Texas case law establishes that abatement of extra-contractual claims is required in most instances in which an insured asserts a claim to

2

UIM benefits.  See Liberty Nat'l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 630 (Tex. 1996); In re United Fire Lloyds, 327 S.W.3d 250, 257 (Tex.App.—San Antonio 2010, orig. proceeding); In re Trinity Universal Ins. Co., 64 S.W.3d 463, 468 (Tex.App.—Amarillo 2001, orig. proceeding).  However, in a mandamus context, for a party to preserve its complaint that the trial court failed to abate extra-contractual claims, that party must have brought the issue to the trial court's attention by seeking the issuance of an abatement order from the trial court.  See In re United Fire Lloyds, 327 S.W.3d at 256-57 (citing Axelson, Inc. v. McIlhany, 798 S.W.2d 550, 556 (Tex. 1990)).

Nothing in Farmers's petition for mandamus establishes that it sought an abatement order from the trial court on the grounds upon which it now seeks mandamus relief from this Court.  In July, Farmers filed a plea in abatement in which it raised the issue of abating Henrie's extra-contractual claims until his contractual UIM claim could be resolved.  The trial court held a hearing on this plea on August 30, at which the trial court denied Farmers's abatement plea.  In a letter to Judge Schildknecht, Farmers informed the trial court that, at a September 29 mediation, it made Henrie a settlement offer to conclude his entire contract claim.  The remainder of the letter read as follows:

> We appeared before you on August 30.  On the record, you denied and overruled defendant's Plea in Abatement.  I am enclosing a copy of the order to memorialize your ruling which was prepared by plaintiff's counsel and I have approved as to form only.
>
> Unless you have reconsidered your ruling, we would ask that you now sign and enter the enclosed order to facilitate appellate review of the same.

(emphasis added).  Notably, this letter does not request the trial court reconsider its denial of Farmers's plea in abatement in light of its settlement offer to Henrie.  However,

3

Farmers's mandamus petition alleges that Judge Schildknecht clearly abused her discretion by failing to abate Henrie's extra-contractual claims after Farmers made a settlement offer on Henrie's entire contract claim. As such, Farmers has failed to preserve its complaint by failing to seek an abatement order from the trial court on the grounds upon which it now seeks mandamus relief. Id.

Consequently, we cannot conclude that the trial court clearly abused its discretion or that Farmers does not have an adequate remedy available at law. Having failed to establish its entitlement to mandamus relief, we deny Farmers's petition.

Mackey K. Hancock
Justice