**Conditionally Granted and Opinion Filed December 1, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01249-CV

## IN RE GEICO ADVANTAGE INSURANCE COMPANY AND CELIA STEFL, Relators

**Original Proceeding from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 2-DC-16-06754**

## MEMORANDUM OPINION
Before Justices Francis, Fillmore, and Stoddart
Opinion by Justice Francis

This original proceeding arises from a personal injury lawsuit filed by real party in interest Marion Thorpe against relators Geico Advantage Insurance Company and Celia Stefl to recover underinsured motorist (UIM) benefits and extracontractual damages following a motor vehicle accident involving Thorpe and Constance Faz. Relators filed this mandamus proceeding after the trial court denied their motion to sever Thorpe's extracontractual claims from the UIM benefits claims and abate the extracontractual claims, and instead ordered a bifurcated trial. We requested responses from real party in interest and respondent but neither filed a response by the due date nor did either seek an extension of time to file the response. We conclude the trial court abused its discretion by denying the motion to sever and abate and by ordering a bifurcated trial. We, therefore, conditionally grant the writ of mandamus.

Mandamus relief is appropriate when a trial court abuses its discretion in denying a motion to sever and abate extracontractual claims in an UIM case. *See, e.g., In re Allstate*

*Indem. Co.*, 05-03-01493-CV, 2003 WL 22456345, at \*1 (Tex. App.—Dallas Oct. 30, 2003, no pet.); *see also In re United Fire Lloyds*, 327 S.W.3d 250, 257 (Tex. App.—San Antonio 2010, orig. proceeding). "If a trial court abuses its discretion in denying a motion to sever and abate extracontractual claims, there is no adequate remedy by appeal." *In re AAA Texas County Mut. Ins. Co.*, 12-15-00277-CV, 2016 WL 4395817, at \*1 (Tex. App.—Tyler Aug. 18, 2016, orig. proceeding) (citing *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 675-76 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding)).

An insurer generally cannot be liable for failing to settle or investigate a claim that it has no contractual duty to pay. *See Progressive Cty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005); *In re Am. Nat. County Mut. Ins. Co*., 384 S.W.3d 429, 438 (Tex. App.—Austin 2012, orig. proceeding). An insurer is under no contractual duty to pay UIM benefits until the insured proves that the insured has UIM coverage, that the other driver negligently caused the accident that resulted in covered damages, the amount of the insured's damages, and that the other driver's insurance coverage is deficient. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). An insured must first establish that the insurer is liable on the contract before the insured can recover on extracontractual causes of action against an insurer for failing to promptly pay, failing to settle, or failing to investigate an UIM insurance claim. *Id.*; *In re Allstate Cty. Mut. Ins. Co.*, 447 S.W.3d 497, 501 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding); *In re United Fire Lloyds*, 327 S.W.3d at 256. As a result, severance and abatement of extracontractual claims are required in many instances in which an insured asserts a claim for UIM benefits. *See, e.g., In re AAA Texas County Mut. Ins. Co.*, 2016 WL 4395817, at \*2; *see also In re Allstate Cty. Mut. Ins. Co.*, 447 S.W.3d at 501; *In re United Fire Lloyds*, 327 S.W.3d at 256.

For example, severance and abatement are required and separate bifurcated trials are improper in cases where the extracontractual claims are not yet ripe and the extracontractual claims could be rendered moot by the underlying liability determination. *In re AAA Texas County Mut. Ins. Co.*, 2016 WL 4395817, at *2; *In re United Fire Lloyds*, 327 S.W.3d at 256. A trial court is also required to sever and abate in the UIM context when the insurer has made an offer to settle a disputed contract claim because "bifurcation does not adequately protect the interests of the parties" in that circumstance. *In re Allstate Prop. & Cas. Ins. Co.*, 2-07-141-CV, 2007 WL 1574964, at *1 (Tex. App.—Fort Worth May 30, 2007, no pet.); *see also Liberty Nat. Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (recognizing that severance may be necessary if the "insurer has made a settlement offer on the disputed contract claim" or if there are "other compelling circumstances"). Only a severance can adequately protect the parties from the conflict that arises from the parties' competing interests in excluding and admitting evidence of the insurer's offer of settlement. *In re Am. Nat. County Mut. Ins. Co.*, 384 S.W.3d at 434–35.

Here, Geico disputes the UIM claim and made an offer of settlement. Liability for the UIM claim has not been judicially determined, the extracontractual claims are not yet ripe, and the extracontractual claims could be rendered moot by the underlying liability determination. The trial court was, therefore, required to sever the extracontractual claims from the UIM liability claims and abate the extracontractual claims. The trial court abused its discretion by denying the motion, ordering a bifurcated trial, and requiring Geico to engage in discovery on the extracontractual claims.

Accordingly, we conditionally grant relators' petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate the August 22, 2016 order for separate trials and September 23, 2016 order denying motion to reconsider, and fails to render an order

severing and abating Thorpe's extracontractual and unfair settlement claims from the UIM liability claims.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

161249F.P05