

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00676-CV

**IN RE ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** and Latina Pruitt

Original Mandamus Proceeding[1]

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed: December 19, 2018

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original proceeding, relators assert the trial court erred by not abating the real party in interest's extra-contractual claims while his breach of contract claim for underinsured motorist benefits remains pending. We agree and conditionally grant the petition.

## BACKGROUND

The real party in interest (hereinafter, the "plaintiff") was involved in an automobile accident with another driver. Plaintiff settled with the other driver's insurance company for the policy limits. Plaintiff also made a claim to his insurance company, Allstate Fire and Casualty Insurance Company ("Allstate") for injuries, damages, and expenses sustained due to the underinsured motorist. According to plaintiff, Allstate and its claims adjuster, Latina Pruitt,

---

[1] This proceeding arises out of Cause No. 2017CV01324, styled *Samuel Bernal v. Allstate Fire and Casualty Insurance Co. and Latina Pruitt*, pending in the County Court at Law No. 10, Bexar County, Texas, the Honorable David J. Rodriguez presiding.

(collectively, the "relators") failed to pay in accordance with the terms of the policy. Therefore, plaintiff later sued relators for breach of contract seeking recovery of underinsured motorist ("UIM") benefits under his policy with Allstate. Plaintiff also raised extra-contractual claims for violations of the Texas Insurance Code. Plaintiff declined Allstate's offer to settle the dispute for $500. Plaintiff then served Allstate with discovery requests, and Allstate objected to many of the requests on the grounds that the requested information was not relevant to the threshold requirement of UIM liability.

The relators filed a motion asking the trial court to (1) sever plaintiff's contractual claim from his extra-contractual claims and (2) abate the extra-contractual claims until the contract claim is resolved. Plaintiff did not challenge the request for a severance but objected to an abatement. The trial court granted the severance and denied the abatement. Relators then filed their petition for writ of mandamus in this court. The plaintiff declined the opportunity to file a response.

In their petition, relators argue the trial court erred by not granting the abatement because the plaintiff may not litigate his extra-contractual claims until after he obtains a judgment on his breach of contract claim establishing (1) the other driver was at fault, (2) the extent of the resulting damages, and (3) the other driver is underinsured. Relators assert that until plaintiff obtains this judgment, Allstate is under no contractual duty to pay UIM benefits. Therefore, relators conclude that because the extra-contractual claims have not yet accrued, that case should be abated.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Mandamus will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Mandamus relief is appropriate when a trial court abuses its discretion

in denying a motion to sever and abate extra-contractual claims in an UIM case. *See, e.g., In re United Fire Lloyds*, 327 S.W.3d 250, 257 (Tex. App.—San Antonio 2010, orig. proceeding). The insurer has no adequate remedy at law because the insurer would lose substantial rights by being required to prepare and try claims that may be rendered moot. *In re Farmers Tex. Cty. Mut. Ins. Co.*, 509 S.W.3d 463, 466 (Tex. App.—Austin 2015, orig. proceeding).

## DISCUSSION

The Texas Insurance Code provides as follows:

> In this section, "uninsured or underinsured motorist coverage" means the provisions of an automobile liability insurance policy that provide for coverage in at least the limits prescribed by Chapter 601, Transportation Code, that *protects insureds who are legally entitled to recover from owners or operators of uninsured or underinsured motor vehicles* damages for bodily injury, sickness, disease, or death, or property damage resulting from the ownership, maintenance, or use of any motor vehicle.

TEX. INS. CODE § 1952.101(a) (emphasis added).

The Texas Supreme Court has interpreted this language to mean "the UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006) (interpreting prior version of statute). "Neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay." *Id.* "Where there is no contractual duty to pay, there is no just amount owed." *Id.* The *Brainard* Court held the plaintiff's argument that a "UIM policy is to be treated like other contracts, for which damages are liquidated in a judicial proceeding and attorney's fees incurred are recoverable, misinterprets the nature of UIM insurance":

> The UIM contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party. Unlike many first-party insurance contracts, in which the policy alone dictates coverage, UIM insurance utilizes tort law to determine coverage.

Consequently, the insurer's contractual obligation to pay benefits does not arise until liability and damages are determined.

*Id.*; *see also In re State Farm Mut. Auto. Ins. Co.*, 395 S.W.3d 229, 237 (Tex. App.—El Paso 2012, orig. proceeding) ("In a case where an insured asserts a claim for uninsured/underinsured benefits, abatement of the extra-contractual claims is required in most instances."); *United Fire Lloyds*, 327 S.W.3d at 256 (applying *Brainard* to issue of abatement and concluding insurer should not be required to incur litigation expenses on claims that could be rendered moot by the portion of the trial related to UIM benefits).

In his response to relators' motion to abate, plaintiff relied on the Texas Supreme Court's prior decision in *USAA Texas Lloyds Co. v. Menchaca*, 14-0721, 2017 WL 1311752 (Tex. Apr. 7, 2017), reh'g granted (Dec. 15, 2017),[2] to argue that because much of the same evidence can be used in both his contractual and extra-contractual claims, abating the extra-contractual claims could prevent meaningful discovery in the underlying breach of contract case. Plaintiff also asserted, with no elaboration, that the extra-contractual claims were "so interwoven with the underlying contractual claims that they involve the same facts and issues."

Plaintiff also relied on two cases to argue an insurance company will attempt to use abatement against a plaintiff "as an umbrella granting some kind of special immunity from discovery." However, in both cases, the insured's extra-contractual claims were severed and abated pending resolution of their contractual claims against the insurer. *See In re Luna*, 13-16-00467-CV, 2016 WL 6576879, at *1 (Tex. App.—Corpus Christi Nov. 7, 2016, orig. proceeding) (mem. op.); *In re Garcia*, 04-07-00173-CV, 2007 WL 1481897, at *1 (Tex. App.—San Antonio

---

[2] The Texas Supreme Court later withdrew its December 15, 2017 opinion and issued a new opinion in its place following rehearing. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018). In that opinion, the Court "unanimously reaffirm[ed] the legal principles and rules announced in that [2017] opinion" and "provide[d] additional guidance" regarding the procedural effect of the Court's holdings. *Id.* at 484.

May 23, 2007, orig. proceeding) (per curiam) (mem. op.). In each case, the insured noticed the deposition of the real party in interest's (State Farm) representative in the breach of contract case. State Farm successfully moved to quash the deposition, and the insured sought mandamus relief. In both cases, one of State Farm's arguments was that the insured was not entitled to the discovery because extra-contractual matters were not relevant to the contractual claims. *Luna*, 2016 WL 6576879, at *4, *6; *Garcia*, 2007 WL 1481897, at *1. In both cases, the appellate court disagreed with State Farm's characterization of the sought-after discovery.

The *Luna* and *Garcia* courts noted the topics encompassed by the deposition notice corresponded to State Farm's defenses and theories or had a direct bearing on the damages in the insured's breach of contract case. *Luna*, 2016 WL 6576879, at *7; *Garcia*, 2007 WL 1481897, at *2. Both courts held the trial court abused its discretion by quashing the deposition because

> doing so unreasonably restricted [the insured's] access to relevant information. Without the opportunity to fully discover information about State Farm's multiple defenses, [the insured] is effectively prevented from verifying or refuting those defenses. Moreover, as State Farm acknowledges in its brief, [the insured] must establish at trial that "her damages exceed the underlying liability insurance limits and any other offsets or credits State Farm may be entitled to." Thus, quashing the deposition in its entirety severely compromises [the insured's] ability to present and prove her case.

*Garcia*, 2007 WL 1481897, at *2; *see also Luna*, 2016 WL 6576879, at *7 (citing to *Garcia* and holding same).

We disagree with plaintiff's argument that these cases stand for the proposition that a plaintiff may always seek discovery on matters relevant to his extra-contractual claims while his breach of contract claim is still pending. In both *Luna* and *Garcia*, the trial court had severed and abated the extra-contractual claims, and both appellate courts allowed discovery in the breach of contract case to proceed to the extent such discovery was relevant to the claims and defenses raised by the parties in that case.

Here, in his response to relators' motion to abate, plaintiff did not state what evidence relevant to his contractual claim is also relevant to his extra-contractual claims. Nor did he state what specific evidence relevant to his contractual claim he would be prevented from obtaining if the extra-contractual claims were abated. *See Luna*, 2016 WL 6576879, at *7-8 (holding trial court abused its discretion by quashing deposition because topics encompassed by deposition notice corresponded to State Farm's defenses and theories or had a direct bearing on the damages in the insured's breach of contract claim); *Garcia*, 2007 WL 1481897, at *2 (same). On the other hand, in their petition for writ of mandamus, relators point to plaintiff's discovery requests in which he seeks information regarding, among other things, the identity of Allstate's claims personnel, information related to Allstate's investigation and evaluation of plaintiff's claim, information about the existence and identity of any review committees, the history of complaints filed with Allstate and any denial logs, and Allstate's net worth.

As stated above, Allstate "is under no contractual duty to pay benefits until [plaintiff] obtains a judgment establishing the liability and underinsured status of the other motorist." *Brainard*, 216 S.W.3d at 818; *United Fire Lloyds*, 327 S.W.3d at 256. Here, liability for the UIM claim has not been judicially determined in plaintiff's breach of contract case, the extra-contractual claims are not yet ripe, and the extra-contractual claims could be rendered moot by the underlying liability determination in the breach of contract case.

### CONCLUSION

For the reasons stated above, we conclude relators showed the trial court erred by not granting the abatement. Also, for these reasons, relators do not have an adequate remedy at law. *Id.* Therefore, we conditionally grant the petition for writ of mandamus and direct the trial court to, within fifteen days from the date of this opinion, vacate that portion of its December 18, 2017

Order on Defendants' Motion to Sever and Abate denying relators' motion to abate and issue an order granting the motion and abating the severed cause.

Rebeca C. Martinez, Justice