**CONDITIONALLY GRANT and Opinion Filed August 25, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00226-CV**

**IN RE GEICO COUNTY MUTUAL INSURANCE COMPANY, Relator**

**Original Proceeding from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-03725-A**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Goldstein
Opinion by Justice Goldstein

This original proceeding arises from a personal injury lawsuit filed by real party in interest Ryan Brown to recover uninsured motorist (UM) benefits and extracontractual damages following a motor vehicle accident. After rejecting a settlement offer from relator Geico County Mutual Insurance Company (GEICO), Brown sued GEICO seeking a declaratory judgment and asserting contractual claims as well as violations of the Texas Insurance Code. GEICO filed this petition for writ of mandamus after the trial court denied its motion to sever and abate the extra-contractual claims. Because the law is well settled that extra-contractual claims should be severed and abated pending a judicial determination of liability under the

policy, we granted GEICO's motion for temporary relief and requested a response. After reviewing Brown's response, GEICO's reply, and the mandamus record, we have determined that GEICO is entitled to mandamus relief. We therefore conditionally grant the writ.

## BACKGROUND

Brown was injured in a motor vehicle collision allegedly caused by Pedro Christopher Alvarez, an uninsured motorist. Brown sought benefits under his policy with GEICO, and GEICO offered Brown $4,500. Believing his damages to be more than the settlement offer, Brown then sued GEICO for breach of contract, a declaratory judgment (the UM claim), and for bad faith and deceptive insurance practices.

After filing its answer, GEICO filed a motion to sever and abate the extra-contractual claims pending a judicial determination of its liability under the policy. Relying on *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d 809, 818 (Tex. 2006), *Liberty National Fire Insurance Company v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996), and their progeny, GEICO argued that because Brown had not yet established his right to recover under his insurance policy, his extra-contractual claims were premature and should be severed and abated pending a determination regarding his breach of contract claims. GEICO also argued that when, as here, an insurer has made a settlement offer on the policy, extra-contractual claims must be

tried separately. Finally, GEICO sought an abatement of all discovery on Brown's extra-contractual claims until the contractual claim is resolved.

Brown responded to GEICO's motion to sever and abate contending that GEICO "cherry-picked dicta" from the *Akin* opinion, and the trial court had discretion whether to abate and sever and that, in this case, GEICO's argument that the claims should be abated to save time, expense, and resources is "disingenuous" and merely an attempt to preclude and delay discovery related to its handling of this claim. Brown also argued that a judgment regarding the breach of contract claim in this case is not necessary because GEICO has admitted (1) Alvarez is uninsured, and (2) Brown was injured. Brown further argued a judgment is not a condition precedent for a finding of bad faith under the Insurance Code.

The trial court conducted a hearing on the motion to abate in November 2020 and issued its order denying the motion on March 25, 2021. This original proceeding followed.

In its petition, GEICO contends these exact issues have been previously determined by this Court and the Texas Supreme Court, most recently in *In re State Farm Mutual Automobile Insurance Company*, No. 19-0792, 2021 WL 1045651 (Tex. Mar. 19, 2021) (orig. proceeding), in which the supreme court determined that requiring an insurer to litigate its liability for underinsured motorist policy benefits alongside its liability for extracontractual claims would unfairly prejudice the insurer and amounts to an abuse of discretion. Relying on *Akin*, 927 S.W.2d at 630, and its

–3–

progeny, GEICO also contends that a court is required to sever and abate in the UM context when the insurer has made an offer to settle a disputed breach of contract claim, because bifurcation does not adequately protect the interests of the parties in that context.

Upon our request, Brown responded, arguing that he has satisfied all conditions precedent to recover UM benefits because there is no dispute that Alvarez was uninsured and Brown was injured. Brown also maintains that the supreme court's recent decision in *State Farm* is inapplicable here because that case involved *under*-insured motorist (UIM) benefits and this is a UM case, not a UIM case.

GEICO replied, alleging *State Farm* is dispositive because the underlying rationale of the case is equally applicable to both UM and UIM cases. We agree.

## DISCUSSION

Mandamus relief is appropriate when a trial court abuses its discretion in denying a motion to sever and abate extracontractual claims in a UIM case. *See, e.g.*, *In re Geico Advantage Ins. Co.*, No. 05-16-01249-CV, 2016 WL 7163943, at *1 (Tex. App.—Dallas Dec. 1, 2016, orig. proceeding) (mem. op.); *In re Allstate Indem. Co.*, No. 05-03-01493-CV, 2003 WL 22456345, at *1 (Tex. App.—Dallas Oct. 30, 2003, orig. proceeding) (mem. op.); *see also In re United Fire Lloyds*, 327 S.W.3d 250, 257 (Tex. App.—San Antonio 2010, orig. proceeding). "If a trial court abuses its discretion in denying a motion to sever and abate extracontractual claims, there

–4–

is no adequate remedy by appeal." *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 675–76 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding).

An insurer generally cannot be liable for failing to settle or investigate a claim that it has no contractual duty to pay. *See In re State Farm*, 2021 WL 1045651, at *1; *USAA Tex. Lloyds v. Menchaca*, 545 S.W.3d 479, 497 (Tex. 2018); *Brainard*, 216 S.W.3d at 818; *Progressive Cty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) (per curiam). As the supreme court explained in *State Farm*, an insured has two paths to establish damages caused by an insurer's violation of the Insurance Code: either the insured establishes (1) a right to receive benefits under the policy, or (2) an injury independent of a right to benefits. *State Farm*, 2021 WL 1045651, at *3. There is no alternative to these pathways. *Id.* This two-pronged pathway applies to a variety of insurance policies. *Id.* at *4.

Here, as in the typical UIM suit, Brown brought claims for breach of his insurance policies as well as statutory, extra-contractual claims authorized by the Insurance Code. As in *State Farm*, Brown's damages are predicated on GEICO's obligation to pay under the insurance policy, and there is no assertion of an injury independent of the underpayment of benefits. As a result, Brown must establish his right to recover under the insurance policy before he can recover on his Insurance Code claims. *See id.* at *5. To do so, Brown must show he has UM coverage, Alvarez negligently caused the accident that resulted in covered damages, the amount of Brown's damages, and that Alvarez's insurance is deficient. *See Brainard*, 216

–5–

S.W.3d at 818; *In re Germania Ins. Co.*, No. 13-18-00102-CV, 2018 WL 1904911, at *3 (Tex. App.—Corpus Christi–Edinburg Apr. 23, 2018, orig. proceeding) (mem. op.).

We see no reason not to follow the common practice and sever and abate the Insurance Code claims to conduct an "initial car crash trial" in order to lay the predicate for Brown's Insurance Code claims. *See State Farm*, 2021 WL 1045651, at *4. The trial court should conduct an initial trial on the breach-of-contract claim to determine whether Alvarez was liable for the accident and, if so, the amount of damages suffered by Brown. *See id.* at *5. If Brown succeeds in the first phase, then he may proceed to litigate the Insurance Code claims considering the result of the initial trial. *See id.*

In reaching this conclusion, we are not persuaded by Brown's arguments to the contrary. First, we disagree with Brown that he has satisfied all conditions precedent to recovery because there is no dispute that Alvarez was uninsured, and that Brown was injured. Brown is required to show that Alvarez was liable for the accident (not just that he was uninsured) and the amount of damages suffered by Brown (not just that he was injured). *See Brainard*, 216 S.W.3d at 818.

Second, we disagree with Brown that *State Farm* is inapplicable in this case. As the supreme court noted in *State Farm*, the "sever and abate" rule is applicable to a variety of insurance policies. *See State Farm*, 2021 WL 1045651, at *4 (citing *Provident Am. Ins. Co. v. Castañeda*, 988 S.W.2d 189, 198 (Tex. 1998) (addressing

damages recoverable if an insurer fails to adequately investigate a health insurance policy claim); *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (recognizing the possibility an insurer may cause injury independent of UIM policy claim when denying the claim); *Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex. 1988) (developing test to assess whether insurer's denial of insurance claims was in "good faith" in workers' compensation context), *overruled on other grounds by Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012)).

Courts have routinely applied the reasoning in UM cases. *See, e.g.*, *In re Germania Ins. Co.*, 2018 WL 1904911, at *4 (extra-contractual claims should be severed from breach-of-contract claim for UM benefits); *In re Progressive Cty. Mut. Ins. Co.*, 439 S.W.3d 422, 426–27 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (same); *In re State Farm Mut. Auto. Ins. Co.*, No. 14-06-00161-CV, 2006 WL 1140469, at *1–2, (Tex. App.—Houston [14th Dist.] April 27, 2006, orig. proceeding) (mem. op.) (same); s*ee also In re Old Am. Cty. Mut. Fire Ins. Co.*, No. 13-12-00700-CV, 2013 WL 398866, at *4 (Tex. App.—Corpus Christi–Edinburg Jan. 30, 2013, orig. proceeding) (mem. op.) (same); *In re United Fire Lloyds*, 327 S.W.3d 250, 257 (Tex. App.—San Antonio 2010, orig. proceeding) (finding abuse of discretion in granting motion for bifurcation of trial rather than severance and abatement of extra-contractual claims); *In re Farmers Tex. Cty. Mut. Ins. Co.*, No. 07-11-00396-CV, 2011 WL 4916303, at *1–2 (Tex. App.—Amarillo Oct. 17, 2011, orig. proceeding) (denying mandamus because complaint was not preserved but

agreeing that abatement of extra-contractual claims is required in most instances when an insured asserts claim to uninsured motorist benefits); *In re Miller*, 202 S.W.3d 922, 926 (Tex. App.—Tyler 2006, orig. proceeding) (upheld severance in a UM case).

Further, a trial court is required to sever and abate when the insurer has made an offer to settle a disputed contract claim because "bifurcation does not adequately protect the interests of the parties" in that circumstance. *In re Allstate Prop. & Cas. Ins. Co.*, No. 02-07-141-CV, 2007 WL 1574964, at *1 (Tex. App.—Fort Worth May 30, 2007, orig. proceeding) (mem. op.); *see also Akin*, 927 S.W.2d at 630 (recognizing that severance may be necessary if the "insurer has made a settlement offer on the disputed contract claim" or if there are "other compelling circumstances"). Here, GEICO disputes the UM claim and made an offer of settlement; therefore, severance and abatement of the extracontractual claims is mandated.

## CONCLUSION

Liability for the UM claim has not been judicially determined, the extracontractual claims are not yet ripe, and the extracontractual claims could be rendered moot by the underlying liability determination. The trial court was, therefore, required to sever the extracontractual claims from the UM liability claims and abate the extracontractual claims.

We conditionally grant GEICO's petition for writ of mandamus and direct the trial court to vacate its order denying GEICO's motion to abate and sever Brown's extra-contractual claims and to enter an order granting same. Because we assume the trial court will comply with this opinion, we direct our clerk not to issue the writ of mandamus unless information is received that the district court has not so complied.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

210226F.P05