# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00312-CV

**Laura Cadena, Appellant**

**v.**

**Angela Taylor, Appellee**

### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-21-000736, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Laura Cadena seeks to appeal the trial court's "final judgment establishing an informal marriage in a suit affecting the parent-child relationship." Because we conclude that the "final judgment" is a non-appealable, interlocutory order, we dismiss the appeal for want of jurisdiction.

Approximately three months before the trial court signed the "final judgment," the court signed an order bifurcating the trial in the cause into two phases. *See In re United Fire Lloyds*, 327 S.W.3d 250, 254 (Tex. App.—San Antonio 2010, orig. proceeding) (explaining that bifurcation "leaves the lawsuit intact but enables the court to hear and determine one or more issues without trying all controverted issues at the same time"). The bifurcation order states that, in the first phase, the trier of fact must determine whether "the elements for a common-law marriage have been met." In the second phase, the trier of fact must determine (1) "a just and right division of marital property," contingent upon a finding in the first phase that an informal

marriage exists, and (2) "the issues for the underlying suit affecting parent-child relationship." The "final judgment," which the trial court signed following the first phase of trial, declares that the parties were informally married as of May 5, 2012, and states that "this final judgment disposes of all parties and all claims *relating to* their dispute of the existence of an informal marriage and is final and appealable." (Emphasis added.)

In general, this Court's jurisdiction is limited to appeals from final judgments and certain interlocutory orders authorized by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001; *see* Tex. Civ. Prac. & Rem. Code § 51.014(a) (appeals from interlocutory orders); Tex. R. Civ. P. 301 ("Only one final judgment shall be rendered in any cause except where it is otherwise specifically provided by law."). "[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of *all* claims and *all* parties." *Lehmann*, 39 S.W.3d at 205 (emphasis added).

Here, although labeled as a "final judgment," the judgment that Cadena seeks to appeal does not include the finality language suggested by the Texas Supreme Court in *Lehmann* for clearly and unequivocally expressing the court's intention to dispose of all claims and all parties. *See id.* at 206 ("A statement like, 'This judgment finally disposes of all parties and all claims and is appealable,' would leave no doubt about the court's intention."). Instead, the judgment states that it is disposing of issues related to the parties' dispute about whether there is an informal marriage. Because it is clear from the record that issues regarding the division of the marital estate and the parent-child relationship remain unresolved, the judgment is interlocutory. *See Hall v. City of Austin*, 450 S.W.2d 836, 838 (Tex. 1970) (explaining that order signed after

bifurcated trial "is often interlocutory, because no final and appealable judgment can properly be rendered until all of the controlling issues have been tried and decided").

On August 29, 2022, the Clerk of this Court sent a letter to Cadena informing her that it appears this Court lacks jurisdiction over this matter. *See, e.g.*, *Wright v. Payne*, No. 02-19-00147-CV, 2019 Tex. App. LEXIS 9958, at *8 (Tex. App.—Fort Worth Nov. 4, 2019, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction, concluding that trial court's order—which was signed after first phase of bifurcated trial and declared that couple's marital agreements were unenforceable—was a non-appealable, interlocutory order). Although Cadena has responded, she does not assert that the judgment establishing an informal marriage is a final judgment, nor does she explain how we may exercise jurisdiction.

Accordingly, we dismiss this cause for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Dismissed for Want of Jurisdiction

Filed: October 5, 2022

3