**FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellant,**

v.

**Jeffrey Wayne McCOLLUM and Baylor University Medical Center, Appellees.**

No. 05–82–00226–CV.

Court of Appeals of Texas, Dallas.

May 26, 1983.

Rehearing Denied Sept. 1, 1983.

Kenneth K. Stephens, Dallas, for appellant.

Michael A. Robertson, Grand Prairie, Larry Hallman, Dallas, for appellees.

Before AKIN, STOREY and VANCE, JJ.

AKIN, Justice.

Fidelity and Casualty Company of New York, the compensation carrier and defendant, appeals from a workers' compensation award rendered in favor of the plaintiff, McCollum, after a jury trial. No issue was submitted to the jury on McCollum's average weekly wage rate nor was evidence adduced on this question. Some six weeks after judgment was rendered, the trial judge signed an order reciting that a stipulation was made on this issue. The carrier

asserts there was no evidence to support the finding, made by the court, of McCollum's average weekly wage rate. The trial court made its wage rate finding based on a purported stipulation between the parties. The carrier in the trial court denied entering into any stipulation or agreement as to McCollum's average weekly wage rate and objected to the entry of any judgment based on the purported stipulation. The carrier here again asserts that it entered into no such stipulation and that, in any event, such an alleged stipulation failed to comply with Tex.R.Civ.P. 11. We agree with the contention of the carrier and conclude that to uphold the purported stipulation made in this case would undermine the policy embodied in Rule 11. Accordingly, we reverse and remand for a new trial.

The question presented is illuminated by the chain of events shown here. On September 14, 1981, the date the trial commenced, McCollum filed a motion in limine which among other things, requested the trial judge to find that the carrier had failed to properly deny certain items which are required to be denied under oath by Tex.R.Civ.P. 93(n). One of the items listed as not having been properly denied was wage rate. The defendant's first amended original answer shows, however, that the carrier had denied under oath the plaintiff's allegations of wage rate, thus putting plaintiff to his proof. No evidence was tendered on this question during trial. After trial to a jury, the trial judge rendered judgment for McCollum upon the maximum rate, apparently upon McCollum's motion for judgment which recited a stipulation on seven items including wage rate. On November 20, 1981, more than two months after trial and on the day judgment was rendered, the trial judge entered an order stating that the parties had appeared and announced ready for trial and that they had entered into "stipulations and admissions" including one which stated "that the applicable wage rate is $119.00 per week." The list of "stipulations and admissions" in this order parallels the items which McCollum claimed in his motion in limine had not been denied under oath. The carrier objected to this order asserting that it had made no such stipulation and that a stipulation, to be enforceable, must either be in writing and signed by the parties, or entered into orally in open court before a court reporter. On December 18, 1981, the trial court entered yet another order revising the order of November 20, 1981, to state that the "stipulation and admission" entered into by the parties was "[t]hat the average weekly wage of plaintiff is in excess of $200.00 per week producing a compensation rate at $119.00 per week." Again the carrier objected on the same grounds previously asserted. Thus, the carrier's no evidence point turns on the propriety of the trial court's orders with respect to whether the parties had stipulated as to the weekly wage rate and whether that stipulation, if any, complied with Tex.R.Civ.P. 11. If not in compliance, then any such stipulation would not be enforceable. Thus, no evidence would exist as to average weekly wage rate to support the judgment. This is the essence of the carrier's no evidence point on appeal.

On the other hand, McCollum contends that in fact an agreement as to weekly wage rate was stipulated by the parties in support of his contention. Thus, he concludes that no evidence was needed because of this asserted stipulation. He cites cases concerning stipulations which lack the proper formalities *and* which are undisputed. *E.g., Thomas v. Smith*, 60 S.W.2d 514 (Tex. Civ.App.—Texarkana 1933, writ dism'd). Since the carrier contended in the trial court and continues to contend on this appeal that it did not enter any stipulation on this matter, the authorities cited by McCollum are not in point. Consequently, we must agree with the contention of the carrier that there was no evidence to support the findings of the trial court on the issue of McCollum's average weekly wage because the trial judge's order failed to comply with Rule 11.

The requirements of an enforceable stipulation are found in Rule 11 of the Texas Rules of Civil Procedure, which provides: "No agreement between attorneys or par-

ties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." The intent of the rule "is to remove from the 'fallibility of human recollection' agreements made by 'counsel in the course of the judicial proceeding which affect the interests of their clients.'" *McClain v. Hickey,* 418 S.W.2d 588, 590 (Tex.Civ.App.—Texarkana 1967, writ ref'd n.r.e.). Stated differently, the purpose of requiring that agreements either be in writing or entered of record is that it avoids the untenable situation of the trial judge having to place each attorney on the stand to determine which one is telling the truth. Thus, our question is whether the policy of Rule 11 would be upheld by binding a party with a bare recitation in an order that the judge had heard evidence and that the trial judge had found that the parties had entered into a stipulation.[1] This issue is even more important considering that the carrier did not wait until appeal to seek to avoid the alleged stipulation, but made an immediate objection to it. We hold, therefore, that the recited stipulation in the order failed to comply with Rule 11. Thus, it is unenforceable.

To hold to the contrary would undermine the policy behind Rule 11. Rule 11's requirements are in no way onerous. A stipulation, especially one as straightforward as the one in dispute in this case, may easily be committed to writing and signed by the parties or even more readily dictated to a court reporter and made a part of the record. If one party could bind his opponent by a recitation in a judge's order, it is forseeable that parties would begin seeking rulings from trial judges as to whether there had been agreements between the parties on certain matters and requesting that the judge render an order to that effect. In such a situation, the trial judge would be in exactly the situation from which Rule 11 sought to extricate him. He would become the arbiter of which attorney's memory (or of his own memory) was

clearer and of which attorney was speaking the truth.

Even if we were to sanction the procedure here, it would be improper to bind a party in the face of his objection to the order decreeing that the stipulation had been made. It is conceivable that an attorney may persuade the trial judge that the parties had entered into an agreement and cause the judge to render an order embracing that agreement. Trusting the veracity of the attorney offering the agreement, the trial judge may render the order and then discover that such an agreement had not been made. In such a situation, the opposing attorney's only recourse would be to object to the entry of such order, as was done here. Once the objection was lodged, the judge would again be placed in the position of determining who was speaking the truth. For the reasons stated herein, it would be unwise to carve out an exception to the requirements of Rule 11 permitting a recitation in a trial judge's order to bind the parties to an alleged stipulation. Such an exception, in effect, would vitiate the very purpose of Rule 11.

We recognize that there may be situations where a recitation in the order of a court will bind a party as a valid stipulation. The Texas Supreme Court in *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979) illustrates one such situation where the recitation was binding. In that case the parties during a summary judgment proceeding stipulated that they would try their case on a single issue. The stipulation was later enforced although it was neither in writing and signed by the parties nor dictated into the record. That court stated: "If a party represents to the court that he waives a ground or objection that he has previously asserted in a written motion or response and argues that a certain issue is the only issue before the court, Rule 11 is satisfied if the oral waiver or agreement made in open court is described in the judgment or an order of the court. Rule 11 expressly approves this procedure." *Id.* at 677. As we

---

1. No statement of facts is available from either hearing.

read that opinion it is limited to summary judgment proceedings. The supreme court noted that it is neither a necessary nor appropriate practice to have a court reporter present during summary judgment proceedings. Although McCollum argues that the same principle should apply here, no valid reason exists here not to have the court reporter present for these proceedings if one party wished to bind the other. Thus, we conclude that *Clear Creek* is limited to summary judgment proceedings.

McCollum also cites *City National Bank in Wichita Falls v. Bradshaw,* 433 S.W.2d 955 (Tex.Civ.App.—Fort Worth 1968, no writ), for the proposition that a disputed agreement between the parties may be enforced even though it fails to conform to the formalities of recording a stipulation. In that case one party orally stipulated that certain documents and signatures were correct. This stipulation was incorporated into an order of the court and was utilized in a summary judgment proceeding. In fact, the order stated that the stipulations were made "for summary judgment purposes." Consequently, like *Clear Creek, City Bank* is not controlling here because the oral stipulation later reduced to writing in the court's order was in a summary judgment proceeding where no court reporter is ordinarily required.

The carrier asserts that, since there is no evidence on the issue of weekly wage rate, the only judgment which we should render is for the minimum rate of compensation under the statute. Although this may be an alternative available to us, we do not choose to render judgment as requested by the carrier. Instead, we choose to remand the case in the interest of justice on the issue of McCollum's average weekly wage rate because the compensation statute is to be liberally construed. *Morrow v. Shotwell,* 477 S.W.2d 538, 541 (Tex.1972); *Carnes v. Meador,* 533 S.W.2d 365, 371 (Tex.Civ.App. —Dallas 1975, writ ref'd n.r.e.). Consequently, the entire judgment must be reversed and the cause remanded because the Texas Supreme Court, in *Texas Employers' Ins. Ass'n v. Lightfoot,* 139 Tex. 304, 162 S.W.2d 929 (1942), has held that a compen-

sation case should not be tried piecemeal and, consequently, refused to permit a retrial limited solely to the issue of wage rate. The supreme court reasoned that, since a workers' compensation case presents an indivisible cause of action, a reversal and remand on the issue of wage rate necessitates a new trial. The same rationale is true here.

*Reversed and remanded.*