# NO. 12-20-00190-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: GARRISON PROPERTY &* | § | |
| *CASUALTY INSURANCE COMPANY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*

In this original proceeding, Garrison Property and Casualty Insurance Company seeks mandamus relief from the trial court's August 4, 2020 order directing Garrison to produce its corporate representative for deposition.[1] We deny in part and conditionally grant in part.

### BACKGROUND

The underlying suit arises out of a car accident that occurred in August 2019. Julia Davis and Nancy Wise were injured when their vehicle (owned by Amy Calhoun) was struck by a vehicle driven by Zina Hardy. Following the accident, Davis and Wise filed suit against Hardy for negligence and against Union Insurance Company and Garrison for underinsured motorist benefits. Davis and Wise subsequently settled with Hardy and her insurance provider for her policy limits and with Union for $275,000 of its $300,000 policy limit. The remaining claim against Garrison is a declaratory judgment action alleging that Davis's claim for UIM benefits is covered under the policy, that Hardy's negligence caused her damages, and that she is entitled to recover UIM benefits from Garrison.

In May 2020, Davis requested a date to take the deposition of Garrison's corporate representative on thirteen topics. Garrison did not agree to produce a representative for

---

[1] Respondent is the Honorable C. Michael Davis, Judge of the 369th Judicial District Court, in Anderson County, Texas. The underlying proceeding is trial court cause number DCCV19-1385-369, styled ***Julia Roxanne Davis, Individually and as Power of Attorney for Nancy Sue Wise, and Amy Calhoun vs. Zina Thornton Hardy, Union Insurance Company, and Garrison Property & Casualty Insurance Company.***

deposition and filed a motion to quash. In June, Garrison filed the following "unilateral stipulations"[2] and requested they not be read to the jury:

1. Plaintiff JULIA ROXANNE DAVIS was involved in a motor vehicle accident on August 7, 2019 at or near 3400 S Loop 256, Anderson County, Texas (hereafter "**the accident.**")[.]

2. At the time of **the accident,** JULIA ROXANNE DAVIS was a scheduled "Operator" and "covered person" under a Colorado Auto Policy Number 02699 71 35R 7101 4, (hereafter "the Insurance Policy") with GARRISON.

3. At the time of **the accident**, the Insurance Policy was in force and in effect.

4. At the time of **the accident**, JULIA ROXANNE DAVIS had paid all applicable premiums for the Insurance Policy including premiums for Uninsured/Underinsured Bodily Injury motorist benefits.

5. At the time of **the accident**, the Insurance Policy contained coverage for:
   a. Medical Payments Coverage in the amount of $5,000.00; and
   b. Uninsured/Underinsured Motorist Bodily Injury coverage in the amount $300,000.00 each person and $500,000.00 each accident.

6. At the time of **the accident**, The Insurance Policy with Defendant GARRISON contained coverage for Uninsured/Underinsured Motorist Bodily Injury benefits. The policy is attached as Exhibit A.

7. The insurance of which GARRISON is presently aware that may provide coverage to pay for JULIA ROXANNE DAVIS's bodily injury claims and damages as a result of **the accident** is:
   a. A liability insurance policy with Allstate Insurance Company (policy number 844676267), which provides $30,000.00 in Liability - Bodily Injury coverage;
   b. An Uninsured/Underinsured Motorist Coverage from Union Insurance Company, which provides $300,000.00 in Bodily Injury coverage; and
   c. The Insurance Policy with GARRISON.

8. GARRISON granted JULIA ROXANNE DAVIS consent to settle with ZINA HARDY for the policy limits of $30,000.00 of the Allstate Insurance Company policy.

9. JULIA ROXANNE DAVIS has complied with all of her duties under the Insurance Policy in making an underinsured motorist claim with GARRISON arising from **the accident** other than the requirement that she prove that the amount of any compensatory damages she is legally entitled to recover exceeds the amount of ZINA HARDY'S available liability coverage and applicable OTHER INSURANCE for uninsured/underinsured coverage as set forth in Part C of the Insurance Policy. *See also Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

10. The negligence of ZINA HARDY was the sole proximate cause of **the accident**.

---

[2] The stipulations appear "unopposed" by Davis, but they were neither agreed to nor signed by Davis. *See Fidelity & Cas. Co. of N.Y. v. McCollum,* 656 S.W.2d 527, 528 (Tex. App.—Dallas 1983, writ ref'd n.r.e.) ("The requirements of an enforceable stipulation are found in Rule 11 of the Texas Rules of Civil Procedure, which provides: 'No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.'"); *see also* TEX. R. CIV. P. 11.

The trial court held a hearing in June and took the motion to quash under advisement. Davis filed a second motion to compel in July seeking the deposition of a corporate representative on nine topics. At the hearing, Garrison represented that it was only contesting damages and underinsured motorist status.[3] The trial court granted the second motion to compel and ordered the deposition of Garrison's corporate representative on the nine topics requested by Davis:

A. All information known by Garrison regarding whether Zina Hardy was an underinsured driver at the time of the collision at issue in this lawsuit.

B. All information known by Garrison regarding whether Zina Hardy was driving an underinsured vehicle at the time of the collision in this lawsuit.

C. All information known by Garrison regarding Garrison's contention that Garrison does not believe Plaintiff is entitled to recover damages in the amount sought by the Plaintiff.

D. All information known by Garrison that Plaintiff's claims are covered claims under the Garrison Policy with Plaintiff.

E. All information about whether the bodily injury claims of Plaintiff are covered under the Garrison policy, which include:
    a. past and future medical expenses;
    b. past and future physical pain;
    c. past and future mental anguish;
    d. past and future physical impairment;
    e. past and future disfigurement;
    f. past and future loss of household services; and
    g. past and future loss of consortium.

F. All information about whether the injuries of Plaintiff are the result of the accident with Zina Hardy, which include:
    a. Contusions.
    b. Cervical Sprain.
    c. Head injury.
    d. Muscle cramps.
    e. Spasms.
    f. Vertigo[.]
    g. Dizziness[.]
    h. Post-concussive syndrome[.]

G. All information about whether the injuries of Plaintiff are permanent in nature and will, in reasonable probability, continue to suffer such injuries and damages in the future.

H. All information about whether the bodily injuries sustained by Plaintiff as a result of the accident have required reasonable and necessary medical treatment.

---

[3] Two days after the hearing, Garrison filed an amended answer alleging several affirmative defenses, including proportionate responsibility. However, we are limited to the record before the trial court at the time of the hearing. *In re Allstate Ins. Co.*, 232 S.W.3d 340, 343 (Tex. App.—Tyler 2007, orig. proceeding) (op.).

I. All information about Plaintiff's loss of consortium claims regarding her mother, Nancy Wise, about whether Defendant contends Wise was involved in the accident, the loss of relationship/society/consortium in the past and future; and loss of household services in the past and future.

This proceeding followed, in which Garrison contends that the trial court abused its discretion by ordering Garrison to produce its corporate representative for deposition and it does not have an adequate remedy by appeal.

**PREREQUISITES TO MANDAMUS**

Ordinarily, to be entitled to a writ of mandamus, relators must show that the trial court clearly abused its discretion, and that they lack an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (original proceeding) (per curiam). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302-03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). We also consider whether mandamus will "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Id*. Finally, we consider whether mandamus will spare the litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id*. Appeal is not an adequate remedy when the appellate court would not be able to cure the trial court's discovery error on appeal. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (per curiam); *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding).

## ABUSE OF DISCRETION

Garrison asserts that the trial court abused its discretion because the relevant issues are not within Garrison's personal knowledge, requiring Garrison to produce a corporate representative would be unduly burdensome, and the requested discovery is available via more convenient and less expensive means.

**Applicable Law**

A trial court generally has discretion to determine the scope of discovery. *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 802 (Tex. 2017) (orig. proceeding). "Our procedural rules define the general scope of discovery as any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information sought is reasonably calculated to lead to the discovery of admissible evidence." *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 223 (Tex. 2016) (orig. proceeding) (per curiam) (internal quotation marks and citations omitted). Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. TEX. R. EVID. 401. The phrase "relevant to the subject matter" is to be broadly construed. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding) (per curiam). Discovery requests must be reasonably tailored to include only matters relevant to the case. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (per curiam). A trial court abuses its discretion if it orders discovery that exceeds what the rules of civil procedure permit. *In re N. Cypress Med. Ctr. Operating Co., Ltd.*, 559 S.W.3d 128, 130-31 (Tex. 2018) (orig. proceeding).

UIM coverage provides payment to the insured of all amounts that the insured is legally entitled to recover as damages from owners or operators of underinsured vehicles because of bodily injury or property damage, not to exceed the limit specified in the insurance policy. *Farmers Tex. Cty. Mut. Ins. Co. v. Okelberry*, 525 S.W.3d 786, 790 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (citing TEX. INS. CODE ANN. § 1952.106 (West 2009)). A negligent party is underinsured when the available proceeds of his liability insurance are insufficient to compensate for the injured party's actual damages. *Id.* (citing *Stracener v. United Servs. Auto. Ass'n*, 777 S.W.2d 378, 380 (Tex. 1989)).

The scope of relevant discovery in UIM cases differs from other insurance disputes because, unlike most first-party cases in which the terms of the policy alone dictate the outcome,

UIM coverage hinges on the liability of the alleged uninsured, at-fault third-party motorist under applicable tort law. *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d 214, 220 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding). A UIM insurer has no contractual duty to pay benefits until the liability of the other driver and the amount of damages sustained by the insured are determined. *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

To recover benefits under a UIM policy, a policy beneficiary must show (1) that the insured has UIM coverage; (2) that the other driver negligently caused the accident that resulted in the covered damages; (3) the amount of the insured's damages; and (4) that the other driver's insurance coverage is deficient. *Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 220; *In re Progressive Cty. Mut. Ins. Co.*, 439 S.W.3d 422, 427 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding).

A stipulation by the insurer that (1) the plaintiff was insured for UIM benefits under its policy; and (2) the underlying accident was a covered occurrence under the policy's provisions narrows the relevant issues in the breach-of-contract suit to those in a "typical car wreck" case—namely, (a) the uninsured/underinsured driver's liability for the underlying accident; (b) the claimed uninsured/underinsured driver's status; and (c) the existence and amount of the plaintiff's damages. *Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 220; *Progressive Cty. Mut. Ins. Co.*, 439 S.W.3d at 427.

## Analysis

Garrison contends that any discovery on its defenses and legal theories is not relevant until there has been a judicial determination as to who was at fault and the amount of Davis's damages, if any. Garrison further asserts that (1) its representative does not have personal knowledge of the accident or Davis's injuries; and (2) Davis has equal or better access to relevant information through her own medical records, available police reports, or recollection of events. Therefore, Garrison maintains that Davis could obtain the information from other, more convenient, less burdensome sources. Garrison relies on the Fourteenth Court of Appeals's opinion in *In re Liberty County Mutual Insurance Company* (*Liberty 2018*) in support of its position. *See* 557 S.W.3d 851 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding).

In *Liberty 2018*, the plaintiff claimed he was injured in a five-vehicle collision. *Id.* at 853-54. As a result of the collision, he sued his insurer to recover UIM benefits and also alleged extracontractual claims. *Id.* at 854. The trial court severed the extracontractual claims into a

6

separate action. *Id.* at 854. The plaintiff noticed the deposition of Liberty's corporate representative, and Liberty filed a motion to quash the deposition and a motion for protection. *Id.* The plaintiff filed a motion to compel, and the trial court held a hearing. *Id.* The trial court ordered Liberty to present a designated representative or employee with knowledge of relevant facts to testify on the following: (1) the plaintiff's damages caused by the accident; (2) the facts supporting the legal theories and defenses listed in Liberty's responses to the plaintiff's request for disclosure, including (a) Liberty's limitation of liability, (b) the amount of any offset or credit to which Liberty claimed it was entitled, (c) the plaintiff's pre-existing, subsequent, and/or intervening injuries and conditions, (d) the amounts of any limitation or reduction Liberty would allege, (e) the plaintiff's failure to mitigate his damages by failing to follow his doctor's instructions or seeking appropriate treatment for his injuries, and (f) how the crash occurred; (3) Liberty's sworn interrogatory answers; (4) Liberty's responses to request for production; (5) Liberty's responses to the request for disclosure; and (6) Liberty's live pleadings on file. *Id.* at 854–55.

The Court of Appeals observed that the order was not limited to "the relevant topics of the truck driver's liability and the existence and amount of Plaintiff's damages." *Id.* at 856. Instead, it improperly included topics related to Liberty's interrogatory answers, responses to request for production, responses to request for disclosure, and live pleadings, without limitation and regardless of whether they pertained to "the truck driver's liability or Plaintiff's damages, and therefore encompasse[d] irrelevant matters." *Id.*

Furthermore, the Court noted, as to the relevant topics of the truck driver's liability and the plaintiff's damages, that the plaintiff had already obtained the information. *Id.* In response to the plaintiff's requests for production relating to the car accident and the investigation of the accident, Liberty produced (1) a valuation report for the plaintiff's vehicle prepared by an independent, third-party appraiser and accompanying photos; (2) the police report; (3) the plaintiff's medical records; and (4) the plaintiff's recorded statement. *Id.* at 857. Moreover, nothing in the record indicated that Liberty had any knowledge of how the accident occurred or the plaintiff's damages beyond what the plaintiff already knew or had obtained through discovery. *Id.* Also, the police report identified at least four other drivers and/or passengers, who were involved in the accident and whom the plaintiff could seek to depose. *Id.* Thus, the Court held that the trial court abused its discretion by compelling the deposition of Liberty's corporate

representative on the topics pertaining "to the relevant subjects of the truck driver's liability or Plaintiff's damages" because the information was already known to the plaintiff, had already been obtained by the plaintiff through discovery, or was obtainable from a source that was more convenient, less burdensome, or less expensive. *Id.*

Garrison's reliance on *Liberty 2018* is misplaced. Contrary to Garrison's assertion, *Liberty 2018* does not stand for the assertion that compelling the deposition of an insurance company's corporate representative is per se error. In fact, several cases have held that, as long as the scope is limited to the issues in dispute, a deposition of a corporate representative is relevant and permissible discovery. *See In re Hamilton*, No. 13-20-00254-CV, 2020 WL 5494503, at *6 (Tex. App.—Corpus Christi Sept. 10, 2020, orig. proceeding) (mem. op.); *In re Liberty Cty. Mutual Ins. Co.*, No. 14-19-00932-CV, 2020 WL 3716093, at *5 (Tex. App.—Houston July 7, 2020, orig. proceeding) (op.); *In re Perry*, No. 13-18-00676-CV, 2019 WL 1723509, at *8 (Tex. App.—Corpus Christi April 18, 2019, orig. proceeding) (mem. op.); *In re Luna*, No. 13-16-00467-CV, 2016 WL 6576879, at *7-8 (Tex. App.—Corpus Christi Nov. 7, 2016, orig. proceeding) (mem. op.); *In re Garcia*, No. 04-07-00173-CV, 2007 WL 1481897, at *2 (Tex. App.—San Antonio May 23, 2007, orig. proceeding) (mem. op.). This is especially true in cases such as this one in which the claimant has settled with the alleged underinsured motorist and is proceeding directly against the insurer in a case that does not involve extracontractual matters. *See Hamilton*, 2020 WL 5494503, at *6. Furthermore, unlike *Liberty 2018*, the record in this case is devoid of evidence produced by the insurer other than objections to discovery requests. *See Liberty 2018*, 557 S.W.3d at 857.

Garrison further contends that its corporate representative does not have personal knowledge of the facts and should not be required to appear for a deposition. Rule 192.3 provides that "[a] person has knowledge of relevant facts when that person has or may have knowledge of any discoverable matter. The person need not have admissible information or personal knowledge of the facts." Tex. R. Civ. P. 192.3(c). Rule 199.1(a) permits the deposition of any person or entity without any limitation that the proposed deponent have personal knowledge of the facts. *In re Jinsun LLC*, No. 14-15-00568-CV, 2015 WL 5092176, at *4 (Tex. App.—Houston [14th Dist.] Aug. 27, 2015, orig. proceeding) (mem. op). Davis was not required to show that a Garrison corporate representative has personal knowledge of any facts relevant to the disputed issues on liability or damages.

8

Additionally, discovery may be limited if it is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive. TEX. R. CIV. P. 192.4(a). The party resisting discovery cannot simply make conclusory allegations that the requested discovery is unduly burdensome or unnecessarily harassing but must produce some evidence supporting its request for a protective order. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999) (orig. proceeding).

The record does not reflect that Garrison produced any evidence that Davis could obtain the information from other sources that would be more convenient, less burdensome, or less expensive than having its corporate representative deposed. *See Garcia*, 2007 WL 1481897, at *2 (noting that insurance company offered no evidence to substantiate its claim that insured could obtain discovery sought from less intrusive, less burdensome process); *cf. Jinsun LLC*, 2015 WL 5092176, at *5 (holding that trial court abused its discretion by granting motion to quash where real party in interest did not assert in trial court that other sources would be more convenient, less burdensome, or less expensive than taking deposition). Thus, Garrison's conclusory allegations are not sufficient to support its position that taking the deposition of its corporate representative would be unduly burdensome.

Moreover, as addressed above, to recover UM/UIM benefits, Davis has the burden to prove (1) that she has UIM coverage; (2) that the other driver negligently caused the accident that resulted in the covered damages; (3) the amount of her damages; and (4) that the other driver's insurance coverage is deficient. *See Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 220; *Progressive Cty. Mut. Ins. Co.*, 439 S.W.3d at 427. Garrison represented to the trial court that it had stipulated that the policy provides UIM coverage to Davis and that the other driver's negligence caused Davis's damages. However, Garrison did not agree to the amount of damages, or that the other driver had deficient coverage. That the amount of damages is in dispute is further supported by Garrison's amended answer alleging that Davis failed to mitigate her damages.

Garrison is a party to this case and Davis is entitled to discovery related to her claims and Garrison's defensive theories to her claim regarding damages. *See In re Luna*, 2016 WL 6576879, at *8. On this record, without deposing Garrison's corporate representative, Davis cannot discover the nature and extent of Garrison's defenses concerning damages. Therefore,

under these circumstances, we conclude that the trial court did not abuse its discretion by granting Davis's motion to compel the deposition of Garrison's corporate representative.

However, we also conclude that some of the topics requested by Davis include matters that are clearly obtainable from some other source that is more convenient, less burdensome, or less expensive. *See* TEX. R. CIV. P. 192.4(a). For example, Davis requests information regarding the nature of her injuries, information that would be contained in her own medical records. Garrison is not the appropriate party to be deposed on such a topic. *See Liberty 2018*, 537 S.W.3d at 222-23; *In re Arras*, 24 S.W.3d 862, 864 (Tex. App.—El Paso 2000, orig. proceeding); *In re Perry*, 2019 WL 1723509, at *8. Furthermore, the deposition should be limited in scope to matters relevant to the subject matter of the pending action. *See* TEX. R. CIV. P. 192.3. Yet the current deposition order compels the designated corporate representative to testify regarding "all information known by Garrison" on several topics, including whether Hardy was an underinsured motorist at the time of the collision, without limitation and regardless of whether it pertains to damages. Therefore, the requests encompass irrelevant matters, including inadmissible extracontractual and claim handling matters. *See Liberty 2018*, 557 S.W.3d at 856; *see also U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding).

For these reasons, we conclude that although the trial court did not abuse its discretion in compelling the deposition, we further conclude that the deposition should be narrowly focused in scope to matters relevant to damages and Garrison's defenses in the pending lawsuit. Accordingly, we sustain in part and overrule in part Garrison's single issue.

## CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, Davis's response, and the applicable law, is of the opinion that Garrison has shown itself entitled to some of the relief sought. Accordingly, we ***conditionally grant*** in part and ***deny*** in part, the petition for writ of mandamus. We direct the trial court to (1) withdraw its August 4, 2020 order granting Davis's motion to compel; and (2) issue a revised order containing limited deposition topics consistent with our opinion. We are confident that the trial court will limit the deposition's scope in accordance with our opinion, and that any further discovery orders in this case will be tailored to include only matters relevant to this case. The writ will issue only if the trial court

10

fails to do so ***within ten days of the date of the opinion and order***. The trial court shall furnish this court, within the time for compliance with this court's opinion and order, a certified copy of this order evidencing such compliance. Our stay of August 10, 2020 is ***lifted***.

**JAMES WORTHEN**
Chief Justice

Opinion delivered October 21, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# <u>ORDER</u>

OCTOBER 21, 2020

NO. 12-20-00190-CV

**GARRISON PROPERTY & CASUALTY INSURANCE COMPANY,**
Relator
V.

**HON.  C. MICHAEL DAVIS,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard on the briefs and petition for writ of mandamus filed by Garrison Property & Casualty Insurance Company; who is the relator in Cause No. DCCV19-1385-369, pending on the docket of the 369th Judicial District Court of Anderson County, Texas.  Said petition for writ of mandamus having been filed herein on August 10, 2020, and the same having been duly considered, because it is the opinion of this Court that the petition is meritorious in part, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **conditionally granted** in part and **denied in part**.

And it is further the opinion of this Court that Respondent will act promptly and (1) withdraw its August 4, 2020 order granting Davis's motion to compel; and (2) issue a revised order containing limited deposition topics consistent with our opinion. We are confident that the

12

trial court will limit the deposition's scope in accordance with our opinion, and that any further discovery orders in this case will be tailored to include only matters relevant to this case. The writ will issue only if the trial court fails to do so ***within ten days of the date of the opinion and order***. The trial court shall furnish this court, within the time for compliance with this court's opinion and order, a certified copy of this order evidencing such compliance.

We deny the petition in all other respects.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*