**Opinion issued June 12, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00199-CV

———————————

## IN RE PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### O P I N I O N

Relator, Progressive County Mutual Insurance Company seeks a writ of mandamus compelling the trial court to (1) vacate its order denying Progressive's motion to sever extra-contractual claims asserted against it and (2) enter an order abating those extra-contractual claims until the breach-of-contract claim brought by Alma Guia, the real party in interest, has been resolved. We conditionally grant the writ.

## Background

Following an automobile collision with an uninsured motorist's vehicle, Guia sued her insurer, Progressive.[1] While investigation into the claim was ongoing, Guia sued Progressive for breach of the uninsured motorist provisions in her policy, violations of Chapter 542 of the Texas Insurance Code, violations of the Deceptive Trade Practices-Consumer Protection Act, and breach of the duty of good faith and fair dealing. Guia served Progressive with a number of discovery requests, some of which would not be relevant to the breach-of-contract claim. Progressive filed a motion to sever the breach of contract claim for uninsured motorist coverage from the extra-contractual claims. The trial court judge signed an order abating the motion to sever, allowing discovery to move forward on all claims, and deferring the other issues covered by the motion until the pretrial hearing. Progressive filed a writ seeking to compel severance and abatement.

## Standard of Review

We may issue a writ of mandamus to correct a trial court's clear abuse of discretion or violation of duty imposed by law when no adequate remedy by appeal exists. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A clear abuse of discretion occurs when the trial court's decision is so arbitrary and

---

[1] The underlying case is *Alma Guia v. Jessica Nicole Estes, Relinda Estes, Progressive Insurance Company and Progressive County Mutual Insurance Company*; No. 2012-57535, in the 215th District Court of Harris County, Texas, the Honorable Elaine H. Palmer presiding.

unreasonable that it amounts to clear error. *See id.* (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)). Because a trial court has no discretion in determining what the law is, the trial court abuses its discretion if it clearly fails to analyze or apply the law correctly. *See id.* at 840. "In determining whether appeal is an adequate remedy, [we] consider whether the benefits outweigh the detriments of mandamus review." *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding).

The trial court has "broad" discretion in the severance of causes of action. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 734 (Tex. 1984); *Black v. Smith*, 956 S.W.2d 72, 75 (Tex. App.—Houston [14th Dist.] 1997, orig. proceeding). However, that discretion is not unlimited. *See U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 671 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding). The trial court has a duty to order severance when "all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby." *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 682–83 (Tex. 1956) (orig. proceeding).

**Severance of Contractual and Extra-Contractual Claims**

Texas Rule of Civil Procedure 41 governs severance of claims. *See* TEX. R. CIV. P. 41. The rule provides, in part, that "[a]ctions which have been improperly joined may be severed . . . on such terms as are just. Any claim against a party may be severed and proceeded with separately." *Id.* The predominant reasons for a severance are to do justice, avoid prejudice, and promote convenience. *F.F.P. Op. Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007). Claims are properly severable if: (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that it involves the same facts and issues. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). Only the third element is in dispute here.

In *Liberty National Fire Insurance Co. v. Akin*, the Texas Supreme Court considered whether severance was required in a case involving breach of contract and extra-contractual claims against an insurer under a homeowner's policy. 927 S.W.2d 627 (Tex. 1996). In refusing to grant mandamus relief, the Court rejected "an inflexible rule that would deny the trial court all discretion and . . . require severance in every case [involving bad-faith insurance claims], regardless of the likelihood of prejudice." *Id.* at 630. Ultimately, the Court concluded that the contractual and extra-contractual claims in that case were interwoven, with most

4

evidence admissible on both claims, and that any prejudicial effect could be ameliorated by appropriate limiting instructions. *See id.* The Court went on to add:

> Several Texas appellate courts have found severance may nevertheless be necessary in some bad faith cases. A trial court will undoubtedly confront instances in which evidence admissible only on the bad faith claim would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely. One example would be when the insurer has made a settlement offer on the disputed contract claim. As we have noted, some courts have concluded that the insurer would be unfairly prejudiced by having to defend the contract claim at the same time and before the same jury that would consider evidence that the insurer had offered to settle the entire dispute. While we concur with these decisions, we hasten to add that evidence of this sort simply does not exist in this case. In the absence of a settlement offer on the entire contract claim, or other compelling circumstances, severance is not required.

*Id.* (internal citations omitted); *see also In re Miller*, 202 S.W.3d 922, 925–26 (Tex. App.—Tyler 2006, orig. proceeding [mand. denied]); *In re Trinity Universal Ins. Co.*, 64 S.W.3d 463, 468 (Tex. App.—Amarillo 2001, orig. proceeding [mand. denied]). Thus, in *Liberty National*, the Court opined a settlement offer by an insurer may create a situation where severance of an insured's contract claim is required. 927 S.W.2d at 630 (Tex. 1996).

There is no evidence in the record that Progressive made a settlement offer to Guia. However, *Liberty National* does not limit severance to cases where such an offer has been made, instead holding that "other compelling circumstances"

5

may also require severance. *Id.* In the case before us, Progressive argues that "other compelling circumstances" should include the effort and cost associated with conducting discovery on extra-contractual claims that have not yet accrued because the insured's breach-of-contract claim has not yet been decided.

Several courts of appeals have considered the issues of severance and abatement in the context of uninsured motorist or underinsured motorist insurance coverage; these courts have concluded that, when uninsured motorist claims are involved, severance of the extra-contractual claims was required. *See In re Am. Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d 429 (Tex. App.—Austin 2012, orig. proceeding) (concluding trial court abused discretion by denying insurer's motion for severance and abatement of extra-contractual claims where settlement offer was made on underinsured motorist claim); *In re Reynolds*, 369 S.W.3d 638, 650–55 (Tex. App.—Tyler 2012, orig. proceeding) (holding severance of underinsured motorist claim was required to prevent prejudice); *In re United Fire Lloyds*, 327 S.W.3d 250, 257 (Tex. App.—San Antonio 2010, orig. proceeding) (finding abuse of discretion in granting motion for bifurcation of trial rather than severance and abatement of extra-contractual claims); *see also In re Old Am. Cnty. Mut. Fire Ins. Co.*, No. 13-12-00700-CV, 2013 WL 398866 (Tex. App.—Corpus Christi January 30, 2013, orig. proceeding) (mem. op.) (holding that severance and abatement of extra-contractual claims is required in many instances when insured asserts claim

6

to uninsured or underinsured motorist benefits); *In re Farmers Tex. Cnty. Mut. Ins. Co.*, No. 07–11–00396–CV, 2011 WL 4916303, (Tex. App.—Amarillo Oct. 17, 2011, orig. proceeding) (mem. op.) (denying mandamus because complaint was not preserved, but agreeing that abatement of extra-contractual claims is required in most instances when an insured asserts claim to uninsured motorist benefits).

The San Antonio Court of Appeals explained its determination that mandamus relief was proper to compel severance and abatement of an underinsured motorist claim from related bad faith claims as follows:

> [The insurer] is under no contractual duty to pay [underinsured motorist] benefits until [the insured] establishes the liability and underinsured status of the other motorist. Therefore, [the insurer] should not be required to put forth the effort and expense of conducting discovery, preparing for a trial, and conducting voir dire on bad faith claims that could be rendered moot by the portion of the trial relating to [underinsured motorist] benefits. To require such would not do justice, avoid prejudice, and further convenience. Under these circumstances, we conclude the trial court abused its discretion in bifurcating the case instead of severing and abating the [underinsured motorist] claim from the bad faith claims.

*In re United Fire Lloyds*, 327 S.W.3d at 256.[2]

---

[2] The court relied on the Texas Supreme Court's reasoning in *Brainard v. Trinity Universal Insurance Co.,* 216 S.W.3d 809 (Tex. 2006), but acknowledged that *Brainard* concerned timing of presentment of contract claim to determine whether party was entitled to attorney's fees under Chapter 38 of Texas Civil Practice and Remedies Code, rather than severance and abatement in the context of uninsured motorist claim. *See In re United Fire Lloyds,* 327 S.W.3d 250, 257 (Tex. App.—San Antonio 2010, orig. proceeding) (discussing *Brainard,* 216 S.W.3d at 818).

In this case, to prevail on her extra-contractual claims against Progressive, Guia must demonstrate that Progressive was contractually obligated to pay her uninsured motorist claim. To do this, Guia must first prove that she had uninsured motorist coverage, that the other driver negligently caused the accident and was uninsured, and the amount of her damages. *See In re Reynolds*, 369 S.W.3d at 652. It appears that the first issue is not in dispute. Therefore, Guia's breach-of-contract claim will essentially involve the issues in a typical car wreck: the comparative negligence of Guia and the other driver and Guia's damages. The bad faith claim here is more complicated. In her most recent petition, she alleges that Progressive breached their duty of good faith and fair dealing, violated the insurance code by failing to timely pay the claim, and further alleges Progressive's conduct was knowing and intentional in violation of the Deceptive Trade Practices Act. In discovery, Guia seeks production of all documents related to lawsuits and claims against Progressive regarding the denial of uninsured/underinsured motorist claims for over ten years. Examples of these requests include:

Request 3. Produce all documents of any type as to claims asserted against Progressive during period from January 1, 2001, up to and including present day as a result of nonpayment of uninsured/underinsured motorist claims in Texas regardless of whether a lawsuit was filed and/or liability was denied.

Request 4. Produce all documents of any type as to all lawsuits filed against Progressive during period from January 1, 2001, up to and including present day, as a result of nonpayment of

8

uninsured/underinsured motorist claims in Texas regardless of whether liability was denied.

. . .

Request 16. A copy of each and every policy, manual, protocol, instruction booklet or similar writing concerning procedures for the investigation and handling of uninsured/underinsured motorist claim which was in effect at the time Plaintiff made her claims in this case, and for the seven years preceding Progressive's denial of Plaintiff's claim.

These requested documents are irrelevant to the breach-of-contract claim, and the introduction of Progressive's claims handling history in unrelated accidents at the trial of Guia's breach-of-contract claim would be manifestly unjust. *See Womack v. Berry*, 291 S.W.2d at 682–83 (Tex. 1956) (orig. proceeding).

The trial court's abatement of any decision on severance until the eve of trial requires the parties to engage in discovery on the extra-contractual claims and prepare for a trial on these claims, even though extra-contractual liability could only accrue if Progressive is found liable on the contract. *See In re United Fire Lloyds*, 327 S.W.3d at 256. Accordingly, the trial court's decision to postpone severance, unless writ is granted, will require Progressive to expend resources answering discovery that is far broader than the car accident claim that must be resolved.

Consistent with *In re Reynolds* and *In re United Fire Lloyds*, we conclude that severance of insured's extra-contractual claims is required in this instance to avoid prejudice.

## Adequate Remedy by Appeal

A writ of mandamus will issue only if there is no adequate remedy available by direct appeal. *See Walker*, 827 S.W.2d at 839. The Corpus Christi Court of Appeals in *In re United Fire Lloyds* concluded the insurer did not have an adequate remedy by appeal because, if a writ of mandamus were not granted, the insurer stood to lose substantial rights by being required to prepare for claims that might be rendered moot and never even accrue. *In re Fire Lloyds*, 327 S.W. 3d at 256 (citing *U.S. Fire Ins. Co.*, 847 S.W.2d at 675; *In re Trinity Universal Ins. Co.*, 64 S.W.3d at 468).

The Corpus Christi Court of Appeals agreed. *See In re Old Am. Cnty. Mut. Fire Ins. Co.*, 2013 WL 398866. Likewise, other appellate courts have also found these claims do not have an adequate remedy by appeal. *See In re Am. Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d 429, 439; *In re Reynolds*, 369 S.W.3d at 658; *In re United Fire Lloyds*, 327 S.W.3d at 256.

## Conclusion

Based on our review of the record, we conclude that Guia's extra-contractual claims against Progressive are severable, the facts and circumstances of the case

10

require a severance to prevent manifest injustice, and the legal rights of the parties will not be prejudiced thereby. *See Womack*, 291 S.W.2d at 683. The trial court, therefore, abused its discretion in refusing to sever and abate the uninsured motorist claims from the bad faith claims pending the determination of Progressive's liability for the uninsured motorist damages under the policy. *See In re Am. Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d 429; *In re Reynolds,* 369 S.W.3d at 650–55; *In re United Fire Lloyds*, 327 S.W.3d at 257; *see also In re Old Am. Cnty. Mut. Fire Ins. Co.*, 2013 WL 398866; *In re Farmers Tex. Cnty. Mut. Ins. Co.,* 2011 WL 4916303.

We conditionally grant Progressive's writ of mandamus and order the trial court to vacate the February 11, 2014 Order, grant Progressive County Mutual Insurance Company's Motion to Sever, and abate the extra-contractual claims. We are confident that the trial court will promptly comply, and our writ will issue only if it does not.

                                        Harvey Brown
                                        Justice

Panel consists of Justices Keyes, Bland and Brown.