# NO. 12-22-00237-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:  CENTRAL MUTUAL* | § | |
| *INSURANCE COMPANY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

In this original proceeding, Central Mutual Insurance Company seeks mandamus relief from Respondent's August 2, 2022 order directing Central to produce its corporate representative for deposition.[1]  We deny the writ.

## BACKGROUND

The underlying suit arises out of a car accident that occurred in February 2021.  Real Party in Interest James Hanna was injured when his vehicle was struck by a vehicle driven by Arturo Aguirre.  Hanna settled with Aguirre and his insurance provider for his policy limits.  In September 2021, Hanna filed suit against Central, his insurance provider, for underinsured motorist (UIM) benefits.  He seeks a declaratory judgment that Aguirre's negligence caused his damages, Aguirre is an underinsured motorist as defined by the insurance policy, and he is entitled to recover UIM benefits from Central.

In April 2022, Hanna notified Central of his intent to depose its corporate representative on twenty-two enumerated topics.  Central filed a motion to quash and a motion for a protective order.  Central also filed the following stipulations and requested they not be read to the jury:

> 1. Plaintiff is insured under an automobile liability insurance policy, Policy No. 3659902, issued
> by Central that contains uninsured and underinsured motorist coverage with a maximum per

---

[1] Respondent is the Honorable Austin Reeve Jackson, Judge of the 114th Judicial District Court in Smith County, Texas.

occurrence uninsured and underinsured policy limit of $100,000.00, (hereafter, "Central's policy").

2. Central's policy, including the uninsured and underinsured motorist coverage of Central's policy was in effect on February 12, 2021, the date of the auto accident between Plaintiff and third-party driver Arturo Aguirre (hereafter, the "occurrence") made the subject of this suit.

3. The occurrence made the subject of this suit was a covered occurrence or accident under Central's policy and Plaintiff is a covered person under Central's policy.

4. The negligence of third-party driver Arturo Aguirre was the sole proximate cause of the occurrence made the subject of this suit.

5. Central granted permission to Plaintiff to settle with Arturo Aguirre's auto liability insurer, Alinsco Insurance Company, for its policy limits of $30,000.00, which limits have been paid to Plaintiff.

6. Arturo Aguirre is an underinsured motorist and was operating an underinsured vehicle at the time of the occurrence within the meaning of Central's policy, as Plaintiff's damages resulting from the occurrence exceed the limits of the auto liability policy covering Aguirre's vehicle at the time of the occurrence.

7. Plaintiff has satisfied all conditions precedent under the uninsured and underinsured motorist coverage provisions of Central's policy, except proving the total extent and amount of his damages proximately caused by the occurrence.

8. Central's policy contained a limit for personal injury protection benefits per occurrence of $2,500.00, and Central has paid these benefits to or on behalf of Plaintiff as a result of the occurrence.

9. The sole issues for trial by the jury are the amount of damages proximately caused by the occurrence for each element of damages contained within the Court's charge that the Court submits to the jury in this case.

10. No Central employee will offer testimony at trial concerning the nature, extent, or causation of Plaintiff's injuries and/or the damages resulting therefrom that Plaintiff sustained because of the occurrence or any other matter.

Respondent held a hearing in May and took the motion under advisement. In July, Central amended its answer to include the affirmative defense of failure to mitigate damages. Hanna then filed a supplemental brief opposing the motion to quash based on the addition of the affirmative defense. At a pretrial hearing, the parties and Respondent again discussed the deposition of a corporate representative. Respondent signed an order granting the motion to quash in part. Respondent stated that since Central was now asserting an affirmative defense, Hanna "is entitled to seek discovery on that issue including through the deposition of a corporate representative." Respondent further held:

2

Therefore, the trial court DENIES the motion as to the limited issue of Defendant's "defensive theories to [his] claim regarding damages," the basis on which those claims rest, and the extent to which they affect plaintiff's claimed damages.

This original proceeding followed.[2]

## PREREQUISITES TO MANDAMUS

Ordinarily, to be entitled to a writ of mandamus, relators must show that the trial court clearly abused its discretion, and that they lack an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (original proceeding) (per curiam). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302-03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). We also consider whether mandamus will "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Id*. Finally, we consider whether mandamus will spare the litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id*. Appeal is not an adequate remedy when the appellate court would not be able to cure the trial court's discovery error on appeal. *In re Dana Corp.*,

_____

[2] Central originally accompanied the filing of its petition and appendix with a motion to seal the records. *See* TEX. R. CIV. P. 76a. Central also redacted allegedly sensitive information from its petition and appendix. However, the information redacted did not meet the definition of sensitive information under the Rules of Civil Procedure. *See* TEX. R. CIV. P. 21c. This Court overruled the motion to seal and notified Central it needed to file an unredacted petition and appendix in compliance with Rule 21c or face potential dismissal. Central failed to do so. However, in the interest of judicial economy, we will address the merits of Central's petition.

138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (per curiam); *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding).

<u>**ABUSE OF DISCRETION**</u>

Central asserts that Respondent abused its discretion because the relevant issues are not within Central's personal knowledge and constitute privileged information, requiring Central to produce a corporate representative would be unduly burdensome, and the requested discovery is available via more convenient and less expensive means.

**<u>Applicable Law</u>**

A trial court generally has discretion to determine the scope of discovery. *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 802 (Tex. 2017) (orig. proceeding). "Our procedural rules define the general scope of discovery as any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information sought is reasonably calculated to lead to the discovery of admissible evidence." *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 223 (Tex. 2016) (orig. proceeding) (per curiam) (internal quotation marks and citations omitted). Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. TEX. R. EVID. 401. The phrase "relevant to the subject matter" is to be broadly construed. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding) (per curiam). Discovery requests must be reasonably tailored to include only matters relevant to the case. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (per curiam). A trial court abuses its discretion if it orders discovery that exceeds what the rules of civil procedure permit. *In re N. Cypress Med. Ctr. Operating Co., Ltd.*, 559 S.W.3d 128, 130-31 (Tex. 2018) (orig. proceeding).

UIM coverage provides payment to the insured of all amounts that the insured is legally entitled to recover as damages from owners or operators of underinsured vehicles because of bodily injury or property damage, not to exceed the limit specified in the insurance policy. *Farmers Tex. Cty. Mut. Ins. Co. v. Okelberry*, 525 S.W.3d 786, 790 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (citing TEX. INS. CODE ANN. § 1952.106 (West 2009)). A negligent party is underinsured when the available proceeds of his liability insurance are insufficient to

4

compensate for the injured party's actual damages. *Id*. (citing *Stracener v. United Servs. Auto. Ass'n*, 777 S.W.2d 378, 380 (Tex. 1989)).

The scope of relevant discovery in UIM cases differs from other insurance disputes because, unlike most first-party cases in which the terms of the policy alone dictate the outcome, UIM coverage hinges on the liability of the alleged uninsured, at-fault third-party motorist under applicable tort law. *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d 214, 220 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding). A UIM insurer has no contractual duty to pay benefits until the liability of the other driver and the amount of damages sustained by the insured are determined. *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

To recover benefits under a UIM policy, a policy beneficiary must show (1) that the insured has UIM coverage; (2) that the other driver negligently caused the accident that resulted in the covered damages; (3) the amount of the insured's damages; and (4) that the other driver's insurance coverage is deficient. *Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 220; *In re Progressive Cty. Mut. Ins. Co.*, 439 S.W.3d 422, 427 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding).

A stipulation by the insurer that (1) the plaintiff was insured for UIM benefits under its policy; and (2) the underlying accident was a covered occurrence under the policy's provisions narrows the relevant issues in the breach-of-contract suit to those in a "typical car wreck" case—namely, (a) the uninsured/underinsured driver's liability for the underlying accident; (b) the claimed uninsured/underinsured driver's status; and (c) the existence and amount of the plaintiff's damages. *Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 220; *Progressive Cty. Mut. Ins. Co.*, 439 S.W.3d at 427.

## Analysis

Central contends that while Hanna is entitled to discovery on Central's damages theories, a corporate representative deposition is not the correct avenue. Specifically, Central urges that any knowledge it has regarding Hanna's damages is privileged and that Hanna can obtain the information from other, more convenient, less burdensome sources.

Central argues this case is different from previous cases involving corporate representative depositions because it has shown the information can be obtained from less burdensome sources. However, that is not our sole consideration. Several cases have held that,

as long as the scope is limited to the issues in dispute, a deposition of a corporate representative is relevant and permissible discovery. *See In re Hamilton*, No. 13-20-00254-CV, 2020 WL 5494503, at *6 (Tex. App.—Corpus Christi Sept. 10, 2020, orig. proceeding) (mem. op.); *In re Liberty Cty. Mutual Ins. Co.*, No. 14-19-00932-CV, 2020 WL 3716093, at *5 (Tex. App.—Houston [14th Dist.] July 7, 2020, orig. proceeding) (op.); *In re Perry*, No. 13-18-00676-CV, 2019 WL 1723509, at *8 (Tex. App.—Corpus Christi April 18, 2019, orig. proceeding) (mem. op.); *In re Luna*, No. 13-16-00467-CV, 2016 WL 6576879, at *7-8 (Tex. App.—Corpus Christi Nov. 7, 2016, orig. proceeding) (mem. op.); *In re Garcia*, No. 04-07-00173-CV, 2007 WL 1481897, at *2 (Tex. App.—San Antonio May 23, 2007, orig. proceeding) (mem. op.). This is especially true in cases such as this one in which the claimant has settled with the alleged underinsured motorist and is proceeding directly against the insurer in a case that does not involve extracontractual matters. *See Hamilton*, 2020 WL 5494503, at *6.

But Central maintains that this case is more akin to the Fourteenth Court of Appeals' opinion in *In re Liberty County Mutual Insurance Company* (*Liberty 2018*). *See* 557 S.W.3d 851 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding). In *Liberty 2018*, the plaintiff claimed he was injured in a five-vehicle collision. *Id.* at 853-54. As a result of the collision, he sued his insurer to recover UIM benefits and alleged extracontractual claims. *Id.* at 854. The trial court severed the extracontractual claims into a separate action. *Id.* at 854. The plaintiff noticed the deposition of Liberty's corporate representative, and Liberty filed a motion to quash the deposition and a motion for protection. *Id.* The plaintiff filed a motion to compel, and the trial court held a hearing. *Id.* The trial court ordered Liberty to present a designated representative or employee with knowledge of relevant facts to testify on the following: (1) the plaintiff's damages caused by the accident; (2) the facts supporting the legal theories and defenses listed in Liberty's responses to the plaintiff's request for disclosure, including (a) Liberty's limitation of liability, (b) the amount of any offset or credit to which Liberty claimed it was entitled, (c) the plaintiff's pre-existing, subsequent, and/or intervening injuries and conditions, (d) the amounts of any limitation or reduction Liberty would allege, (e) the plaintiff's failure to mitigate his damages by failing to follow his doctor's instructions or seeking appropriate treatment for his injuries, and (f) how the crash occurred; (3) Liberty's sworn interrogatory answers; (4) Liberty's responses to requests for production; (5) Liberty's responses to the request for disclosure; and (6) Liberty's live pleadings on file. *Id.* at 854–55.

The Court of Appeals observed that the order was not limited to "the relevant topics of the truck driver's liability and the existence and amount of Plaintiff's damages." *Id*. at 856. Instead, it improperly included topics related to Liberty's interrogatory answers, responses to requests for production, responses to the request for disclosure, and live pleadings, without limitation and regardless of whether they pertained to "the truck driver's liability or Plaintiff's damages, and therefore encompasse[d] irrelevant matters." *Id*.

Furthermore, the Court noted, as to the relevant topics of the truck driver's liability and the plaintiff's damages, the plaintiff had already obtained the information. *Id*. In response to the plaintiff's requests for production relating to the car accident and the investigation of the accident, Liberty produced (1) a valuation report for the plaintiff's vehicle prepared by an independent, third-party appraiser and accompanying photos; (2) the police report; (3) the plaintiff's medical records; and (4) the plaintiff's recorded statement. *Id*. at 857. Moreover, nothing in the record indicated that Liberty had any knowledge of how the accident occurred or the plaintiff's damages beyond what the plaintiff already knew or had obtained through discovery. *Id*. Also, the police report identified at least four other drivers and/or passengers, who were involved in the accident and whom the plaintiff could seek to depose. *Id*. Thus, the Court held that the trial court abused its discretion by compelling the deposition of Liberty's corporate representative on topics pertaining "to the relevant subjects of the truck driver's liability or Plaintiff's damages" because the information was already known to the plaintiff, had already been obtained by the plaintiff through discovery, or was obtainable from a source that was more convenient, less burdensome, or less expensive. *Id*.

Central's reliance on *Liberty 2018* is misplaced. A key distinction between this case and *Liberty 2018* is that there is no evidence Liberty asserted an affirmative defense regarding mitigation of damages. Furthermore, the deposition in this case is limited to those issues actually in dispute, namely Central's affirmative defense regarding damages.

Central further contends that its corporate representative does not have personal knowledge of the facts and should not be required to appear for a deposition. It contends that any knowledge Central has is subject to work product or attorney-client privileges. Rule 192.3 provides that "[a] person has knowledge of relevant facts when that person has or may have knowledge of any discoverable matter. The person need not have admissible information or personal knowledge of the facts." TEX. R. CIV. P. 192.3(c). Rule 199.1(a) permits the deposition

7

of any person or entity without any limitation that the proposed deponent have personal knowledge of the facts. *In re Jinsun LLC*, No. 14-15-00568-CV, 2015 WL 5092176, at *4 (Tex. App.—Houston [14th Dist.] Aug. 27, 2015, orig. proceeding) (mem. op). Hanna was not required to show that a Central corporate representative has personal knowledge of any facts relevant to the disputed issues on damages.

Moreover, as addressed above, to recover UIM benefits, Hanna has the burden to prove (1) that he has UIM coverage; (2) that the other driver negligently caused the accident that resulted in the covered damages; (3) the amount of his damages; and (4) that the other driver's insurance coverage is deficient. *See **Liberty Cty. Mut. Ins. Co.**, 537 S.W.3d at 220; **Progressive Cty. Mut. Ins. Co.**, 439 S.W.3d at 427. Central represented to Respondent that it had stipulated that the policy provides UIM coverage to Hanna and that the other driver's negligence caused Hanna's damages. However, Central did not agree to the amount of damages. That the amount of damages is in dispute is further supported by Central's amended answer alleging that Hanna failed to mitigate his damages.

Central is a party to this case and Hanna is entitled to discovery related to his claims and Central's defensive theories to his claim regarding damages. *See **In re Luna**, 2016 WL 6576879, at *8. The scope of the deposition is limited to the damages issue. Under the circumstances of this case, we conclude that Respondent did not abuse his discretion by ordering Central to produce its corporate representative for deposition.

## DISPOSITION

Having determined that no abuse of discretion occurred under the facts of this case, we *deny* Central's petition for writ of mandamus.

GREG NEELEY
Justice

Opinion delivered September 22, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 22, 2022**

**NO. 12-22-00237-CV**

**CENTRAL MUTUAL INSURANCE COMPANY,**
Relator
V.

**HON. AUSTIN REEVE JACKSON,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Central Mutual Insurance Company, who is the relator in this cause and the defendant in trial court Cause No. 21-2217-B, pending on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on August 31, 2022, and the same having been duly considered, because it is the opinion of this Court that **a writ of mandamus should not issue**, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*