**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed November 3, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00502-CV

## IN RE UNITED FINANCIAL CASUALTY COMPANY, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-79224**

## MEMORANDUM OPINION

On July 12, 2022, relator United Financial Casualty Company ("United Financial") filed a petition and, thereafter, a supplemental petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, United Financial asks this Court to compel the Honorable Lauren Reeder, presiding judge of the 234th District Court of Harris County, to vacate the trial court's June 6, 2022 order denying United Financial's

motion to abate the real party in interest Elizabeth Echeverria's ("Echeverria") extra-contractual claims in an uninsured/underinsured motorist coverage suit. We determine that relator is entitled to relief. *See* Tex. R. App. 52.8(c).

## BACKGROUND

On February 14, 2020, Echeverria was involved in a motor vehicle accident as a passenger in a vehicle operated by Uber driver Samir Tachbaroute ("Tachbaroute"). Carlos Lanausse-Ramos ("Lanausse-Ramos") allegedly rear-ended Tachbaroute's vehicle. Echeverria alleges that she sustained physical injuries as a result of this accident.

At the time of the accident, United Financial insured Tachbaroute under a commercial auto policy with uninsured/underinsured ("UM/UIM") coverage. Echeverria made uninsured bodily injury claims under this policy. Before Echeverria and United Financial resolved the claim, Echeverria filed suit against United Financial.[1]

In the lawsuit, Echeverria seeks declaratory relief to establish entitlement to UIM motorist benefits and for alleged violations of Insurance Code chapters 541[2] and 542[3]; breach of the duty of good faith and fair dealing; violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA")[4]; and fraud.

---

[1] Echeverria also filed suit against Uber Technologies, Inc., Rasier, LLC, Samir Tachbaroute, Carlos Lanausse-Ramos, Progressive Commercial Casualty Company, and Progressive Commercial Advantage Agency, Inc.

[2] Tex. Ins. Code Ann. §§ 541.001-.454 (unfair methods of competition and unfair or deceptive acts or practices).

[3] Tex. Ins. Code Ann. §§ 542.001-.302 (processing and settlement of claims).

[4] Tex. Bus. & Com. Code Ann. §§ 17.41-.63.

Although Echeverria has not yet obtained a legal determination that Lanausse-Ramos is liable for the accident and is underinsured, Echeverria brings claims against United Financial for the alleged violations.

United Financial filed its verified plea in abatement and motion to abate Echeverria's extra-contractual claims and a hearing was held on June 6, 2022. At the time of the hearing, the parties advised the trial court that full abatement was not required as Echeverria had provided the requisite Insurance Code and DTPA notices; however, the motion to abate Echeverria s extra-contractual claims was still at issue. The trial court denied the motion to abate Echeverria's extra-contractual claims.

In this original proceeding, United Financial asserts that the trial court abused its discretion by denying United Financial's motion to abate Echeverria's extra-contractual claims. We requested that Echeverria file a response to the petition for writ of mandamus; however, no response was filed.

## MANDAMUS STANDARD OF REVIEW

Ordinarily, to be entitled to a writ of mandamus, the relator must show that the trial court clearly abused its discretion, and that the relator lacks an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without regard to guiding legal principles. *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 293–94 (Tex. 2016) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id*. at 294; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). Thus, the trial court's failure to analyze or apply the law

correctly constitutes an abuse of discretion. *See In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding).

Relator also must demonstrate that it does not have an adequate remedy at law, such as a remedy by an appeal. *See In re J.B. Hunt Transp.*, 492 S.W.3d at 299. The adequacy of appeal as a remedy for an alleged clear abuse of discretion in an interlocutory ruling involves a balance of jurisprudential considerations that "implicate both public and private interests." *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam) (internal quotations omitted); *see also In re Prudential Ins. Co.*, 148 S.W.3d at 136. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *See In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co.*, 148 S.W.3d at 136.

Mandamus relief is appropriate when a trial court abuses its discretion in denying a motion to abate extra-contractual claims in an UIM case. *See In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 878 (Tex. 2021) (orig. proceeding).

## ABATEMENT OF EXTRA-CONTRACTUAL CLAIMS

Abatement of Echeverria's extra-contractual claims is required until the declaratory judgment action and breach-of-contract claim have been decided. *See In re Allstate Fire & Cas. Co.*, No. 04-18-00676-CV, 2018 WL 6624885, at *2 (Tex. App.—Austin Dec. 19, 2018, orig. proceeding) (mem. op.) (concluding trial court erred by not granting abatement). An insured's claim for breach of an insurance contract is distinct and independent from claims that the insurer violated its extra-contractual common law and statutory duties. *See State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d at 873–74 (citing *USAA Tex. Lloyds v. Menchaca*, 545

4

S.W.3d 479, 489 (Tex. 2018)); *see also In re James River Ins. Co.*, No. 14-20-00390-CV, 2020 WL 6143163, at \*2 (Tex. App.—Houston [14th Dist.] Oct. 20, 2020, orig. proceeding) (per curiam) (mem. op.). UIM claims and bad-faith claims have been recognized as separate and distinct claims, which might each constitute a complete lawsuit within itself. *Id.* (citing *United States Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 672 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding)). A UIM insurer has no contractual duty to pay benefits until the liability of the other driver and the amount of damages sustained by the insured are determined. *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). To recover benefits under a UIM policy, a policy beneficiary must show: (1) the insured has UIM coverage; (2) the other driver negligently caused the accident that resulted in the covered damages; (3) the amount of the insured's damages; and (4) the other driver's insurance coverage is deficient. *In re Allstate Fire & Cas. Ins. Co.*, 617 S.W.3d 635, 644 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also James River Ins. Co.*, 2020 WL 6143163, at \*2 (citing *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d 214, 220 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding)).

An insured first must establish that the insurer is liable on the contract before the insured can recover on extra-contractual claims against an insurer for failure to pay or settle a UIM insurance claim. *Id.*; *see also In re Old Am. Cty. Mut. Ins. Co.*, No. 13-12-00700-CV, 2013 WL 398866, at \*4 (Tex. App.—Corpus Christi-Edinburg Jan. 30, 2013, orig. proceeding) (mem. op.) (stating that "to prevail on their extra-contractual claims against Old American, plaintiffs must first demonstrate that Old American was contractually obligated to pay their uninsured

5

motorist claim."); *In re State Farm Mut. Auto. Ins. Co.*, 395 S.W.3d 229, 238 (Tex. App.—El Paso, 2012, orig. proceeding) ("Texas insurance law generally conditions recovery for bad faith and extracontractual claims on a recovery for breach of the insurance contract itself." (quoting *Smith v. Allstate Ins.*, No. H-03-0651, 2007 WL 677992, at *5 (S.D. Tex. Feb. 27, 2007))).

### ABUSE OF DISCRETION

Echeverria alleged that, pursuant to the policy, United Financial was obligated to pay Echeverria UIM benefits for bodily injury caused by Lanausse-Ramos and Tachbaroute.  Echeverria further alleged that, although she gave notice that she was seeking UIM benefits under the policy, United Financial failed to provide coverage.  With regard to her extra-contractual claims, Echeverria alleged the following against United Financial: violations of Insurance Code chapters 541 and 452; breach of the duty of good faith and fair dealing; violations of the DTPA; and fraud.  Echeverria's extra-contractual claims relate to and are premised on an alleged contractual obligation to pay her UIM claims.

United Financial has no contractual obligation to pay Echeverria UIM benefits until Echeverria establishes the liability and underinsured status of Lanausse-Ramos.  The introduction of information on Echeverria's extra-contractual claims during the trial on Echeverria's breach-of-contract claim would be manifestly unjust.  *See James River Ins. Co.*, 2020 WL 6143163, at *3 (citing *In re Progressive Cty. Mut. Ins. Co.*, 439 S.W.3d 422, 427 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (holding that introduction of irrelevant evidence of insured's claims handling history in unrelated accidents at breach-of-contract trial would be manifestly unjust)).  Requiring United Financial to try the

6

extra-contractual claims with the breach-of-contract claim would not do justice, avoid prejudice, or further convenience. *See id.* (citing *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990)). Therefore, we conclude that the trial court abused its discretion by not abating Echeverria's extra-contractual claims from her breach-of-contract claim. *See State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d at 877–878.

### NO ADEQUATE APPELLATE REMEDY

United Financial will lose the important right to have Echeverria's extra-contractual claims tried with her breach-of-contract claim. *See Prudential Ins. Co. of Am.*, 148 S.W.3d at 136 (stating that appellate court may consider whether mandamus will preserve important substantive and procedural rights from impairment or loss in determining whether relator has adequate remedy by appeal). "When a bifurcated trial is denied in these circumstances, the insurer lacks an adequate appellate remedy for the 'time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d at 878 (quoting *Prudential Ins. Co. of Am.*, 148 S.W.3d at 136). We conclude that United Financial does not have an adequate appellate remedy for the trial court's denial of the request for abatement. *See id.*

### CONCLUSION

We conclude that the trial court abused its discretion by denying United Financial's motion to abate Echeverria's extra-contractual claims and that United Financial does not have an adequate remedy by appeal. Accordingly, we determine that United Financial is entitled to the requested relief and order the trial court to (1) vacate its June 6, 2022 order denying United Financial's motion to

abate Echeverria's extra-contractual claims and (2) grant United Financial's motion to abate the extra-contractual claims. We are confident the trial court will act in accordance with this order and will order the clerk of this court to issue a writ of mandamus only if the trial court fails to comply.


PER CURIAM


Panel consists of Justices Zimmerer, Spain, and Poissant.